SYLLABUS

(This syllabus is not part of the opinion of the Court. It has been prepared by the Office of the Clerk for the convenience of the reader. It has been neither reviewed nor approved by the Supreme Court. Please note that, in the interest of brevity, portions of any opinion may not have been summarized.)

**State v. K.S.** (A-36-13) (072608)

**Argued September 24, 2014 -- Decided January 8, 2015**

**SOLOMON, J., writing for a unanimous Court.**

In this appeal, the Court considers, principally, whether it was proper for the Somerset County Prosecutor to rely upon adult criminal charges that had been dismissed and juvenile charges that had been diverted and dismissed in rejecting defendant's application for admission into the Pretrial Intervention Program (PTI).

Defendant K.S. was arrested and charged with driving while intoxicated and refusing to submit to a breath test. As he was being transported to the Watchung Borough police station, defendant struck and attempted to spit blood onto the arresting officer. In addition to the above offenses, defendant was charged and ultimately indicted for third-degree aggravated assault on a law enforcement officer, fourth-degree throwing bodily fluids at a law enforcement officer, third-degree resisting arrest, and fourth-degree criminal mischief.

Following his indictment, defendant sought admission into PTI. His application was reviewed by the PTI program director, who was required to provide a written recommendation to the county prosecutor. The PTI director recommended denial of defendant's PTI application because of the assaultive nature of the offense and because of defendant's pattern of past anti-social behavior. After denial of his PTI application, defendant filed a motion to compel admission claiming that the prosecutor failed to consider whether his bipolar disorder and mental illness contributed to his conduct. The trial court remanded the matter to the prosecutor for consideration of the medical report provided by defendant. The prosecutor responded by letter explaining that the report had been considered and confirming the denial of defendant's admission into PTI. The trial court subsequently denied defendant's motion, concluding that the denial of his PTI application was not a "patent and gross abuse of discretion."

After his motion was denied, defendant entered into a negotiated plea agreement in which he agreed to plead guilty to the charges in exchange for the State's recommendation to dismiss the driving while intoxicated charge. The State also agreed to recommend a non-custodial probationary sentence, community service, and restitution. Defendant was sentenced in accordance with the plea agreement and later appealed, challenging the denial of his PTI application. In an unpublished opinion, the Appellate Division affirmed the trial court, concluding that "defendant failed to demonstrate that the prosecutor patently and grossly abused his discretion" by rejecting defendant's PTI application.

The Court granted defendant's petition for certification. 216 N.J. 86 (2013).

**HELD:** Because the record includes no admissions of conduct to support the truth of the allegations in defendant's dismissed adult charges and diverted and dismissed juvenile charges, those charges were not appropriate factors to be considered in deciding whether to admit defendant into PTI. Therefore, the judgment of the Appellate Division is reversed and the matter is remanded to the prosecutor for reconsideration of defendant's eligibility for PTI.

1. Rule 3:28 provides the administrative framework for the PTI Program, which is intended to offer an alternative to prosecution and to promote deterrence through rehabilitation for qualified applicants. The Legislature also codified the PTI Program by enacting N.J.S.A. 2C:43-12, which largely adopted the procedures and guidelines established by Rule 3:28. Although the details of each county's PTI Program vary, admission is uniformly reliant upon the recommendation of the criminal division manager, the consent of the prosecutor, and the approval of the judge designated to act on all matters pertaining to PTI Programs in the vicinage. R. 3:28(a), (b). N.J.S.A. 2C:43-12(e) lists seventeen non-exclusive factors to be considered by the criminal division manager and prosecutor in determining admission into PTI. In addition to the factors listed in the statute, a defendant's mental illness is relevant to the prosecutor's consideration of a defendant's PTI application. (pp. 6-8).

2. Although all defendants may apply for admission into PTI, there is a presumption against acceptance into PTI for defendants who have committed certain categories of offenses, including crimes deliberately committed with violence or threat of violence. This presumption can be rebutted by a defendant's showing of compelling reasons to justify his or her admission into PTI. In determining whether reasons are "compelling," the prosecutor and any reviewing court are required to consider the criteria set forth in N.J.S.A. 2C:43-12. Also, the written recommendations of the program director and prosecutor must be provided to the defendant before they are submitted to the court. R. 3:28(c)(3). (pp. 8-9)

3. A written rejection of a given application must reflect only a proper consideration of the identified information, and may include a defendant's criminal record. In State v. Brooks, this Court stated that a prosecutor could consider arrests that resulted in dismissed or diverted charges for the limited purpose of "whether the arrest or dismissed charge[s] should have deterred the defendant from committing a subsequent offense." 175 N.J. 215, 229 (2002) (citing State v. Green, 62 N.J. 547, 571 (1973) ("[T]he sentencing judge might find it significant that a defendant who experienced an unwarranted arrest was not deterred by that fact from committing a crime thereafter.")). In the instant opinion, filed today, the Court disapproves of those statements from Brooks and Green, reasoning that deterrence is directed at persons who have committed wrongful acts. The Court, therefore, rejects the declaration in Brooks that "[a]nalogiz[ed] a prosecutor's function . . . to that of a sentencing court," and allowed for consideration of prior dismissed charges to infer the defendant was not deterred from his prior arrests. For prior dismissed charges to be considered properly by a prosecutor in connection with a PTI application, the reason for consideration must be supported by undisputed facts of record or facts found at a hearing. When no such undisputed facts exist or findings are made, prior dismissed charges may not be considered for any purpose. (pp. 9-10)

4. To overturn a prosecutor's decision to exclude a defendant from the PTI Program, the defendant must clearly and convincingly show that the decision was a patent and gross abuse of discretion. When a reviewing court determines that the prosecutor's decision was arbitrary, irrational, or otherwise an abuse of discretion, but not a patent and gross abuse of discretion, the reviewing court may remand to the prosecutor for further consideration. Remand is the proper remedy where the prosecutor considers inappropriate factors, or fails to consider relevant factors. (pp. 10-11)

5. In this case, the prosecutor concluded from defendant's juvenile arrest that defendant has a "propensity towards violence" and a "history of aggression towards other people." Considering defendant's juvenile charges and other dismissed criminal charges, the prosecutor and PTI director concluded that defendant had "a violent history" and that the incident here was "part of a continuing pattern of anti-social behavior." However, defendant had no record of criminal or penal "violations" as all of his prior charges were dismissed. Use of prior dismissed charges alone as evidence of a history of and propensity for violence or a pattern of anti-social behavior, where defendant's culpability or other facts germane to admission into PTI have not been established in some way, constitutes an impermissible inference of guilt. (pp. 11-14)

6. With regard to defendant's contention that the prosecutor failed to consider adequately his bipolar disorder, the Court notes that the prosecutor did consider but was not swayed by defendant's mental-health evidence. Having concluded that the prosecutor's decision to exclude defendant from PTI was based on "consideration of inappropriate factors or not premised upon a consideration of all relevant factors," the Court reverses the judgment of the Appellate Division, and remands this matter to the Somerset County Prosecutor for further consideration of the medical evidence provided by defendant, the victim's objection to defendant's admission into PTI, and the assaultive and violent nature of the offense charged, to determine whether to admit defendant into the PTI program. The Court directs that in exercising discretion, the prosecutor may not consider defendant's prior dismissed offenses unless there are admissions or fact-findings that are relevant to one or more of the factors set forth in N.J.S.A. 2C:43-12(e). (pp. 14-16)

The judgment of the Appellate Division is **REVERSED,** the matter is **REMANDED** to the Somerset County Prosecutor for further consideration of defendant's PTI application consistent with this opinion.

**CHIEF JUSTICE RABNER; JUSTICES LaVECCHIA, ALBIN, PATTERSON, and FERNANDEZ-VINA; and JUDGE CUFF (temporarily assigned) join in JUSTICE SOLOMON's opinion.**

2

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

       v.

K.S.,

    Defendant-Appellant.

> Argued September 24, 2014 – Decided January 8, 2015
>
> On certification to the Superior Court, Appellate Division.
>
> Peter T. Blum, Assistant Deputy Public Defender, argued the cause for appellant (Joseph E. Krakora, Public Defender, attorney).
>
> Jane C. Schuster, Deputy Attorney General, argued the cause for respondent (John J. Hoffman, Acting Attorney General of New Jersey, attorney).

JUSTICE SOLOMON delivered the opinion of the Court.

In this case, we consider whether it was proper for the Somerset County Prosecutor to rely upon adult criminal charges that had been dismissed and juvenile charges of possession of a weapon, assault, fighting, and harassment that had been diverted and dismissed in rejecting defendant's application for admission into the Somerset County Pretrial Intervention Program (PTI). The trial court and the Appellate Division affirmed the

prosecutor's decision. Because the record includes no admissions of conduct to support the truth of the allegations in defendant's dismissed adult charges and diverted and dismissed juvenile charges, those charges were not appropriate factors to be considered in deciding whether to admit defendant into PTI. We therefore reverse the judgment of the Appellate Division and remand to the prosecutor for reconsideration of defendant's eligibility for PTI.

## I.

The pertinent facts regarding defendant's arrest, plea, and consideration of his PTI application are as follows. Defendant K.S. was arrested and charged with driving while intoxicated, N.J.S.A. 39:4-50, and refusing to submit to a breath test, N.J.S.A. 39:4-50.2. Following his arrest, defendant was transported to the Watchung Borough police station. While being transported, defendant became agitated. He struck and attempted to spit blood from a cut lip onto the arresting officer, Sergeant Gene McAllister. Defendant continued to struggle with officers in the police station, but was finally subdued. In addition to the above offenses, defendant was charged and ultimately indicted for third-degree aggravated assault on a law enforcement officer, N.J.S.A. 2C:12-1(b)(5)(a); fourth-degree throwing bodily fluids at a law enforcement officer, N.J.S.A.

2

2C:12-13; third-degree resisting arrest, N.J.S.A. 2C:29-2(a)(3)(a); and fourth-degree criminal mischief, N.J.S.A. 2C:17-3(a)(1).

Following his indictment, defendant sought admission into PTI. His application was reviewed initially by the criminal division manager, who operated as the PTI program director and was required to provide a written recommendation to the county prosecutor. The PTI director recommended denial of defendant's PTI application because of the assaultive nature of the offense and because of defendant's pattern of past anti-social behavior.

After denial of his PTI application, defendant filed a motion to compel admission with the trial court claiming that the prosecutor failed to consider whether defendant's bipolar disorder and mental illness contributed to his conduct. The trial court remanded the matter to the prosecutor for consideration of the medical report provided by defendant in support of his motion. The prosecutor responded by letter explaining that the report had been considered and confirming the denial of defendant's admission into PTI. Following the prosecutor's response, the trial court denied defendant's motion, concluding that the denial of his PTI application was not a "patent and gross abuse of discretion."

Subsequently, defendant entered into a negotiated plea agreement in which he agreed to plead guilty to the charges in

3

the indictment and to the charge of refusal to submit to a breath test in exchange for the State's recommendation to dismiss the driving while intoxicated charge. The State also agreed to recommend a non-custodial probationary sentence, community service, and restitution. Defendant was sentenced in accordance with the plea agreement.

Defendant appealed, asserting three reasons for challenging the denial of his PTI application: first, defendant contends that the PTI director and prosecutor improperly concluded that his record reflected a history of violent and anti-social behavior and therefore impermissibly inferred guilt from defendant's dismissed charges; second, defendant argued that even assuming that he committed an assault while a juvenile in 2003, with the resulting charges being diverted and dismissed, the six-year gap between that offense and the present charges indicated no "continuing pattern" of anti-social behavior; and third, defendant claimed that the prosecutor failed to consider adequately defendant's bipolar disorder as a factor supporting his admission into PTI.

In an unpublished opinion, the Appellate Division affirmed the trial court, concluding that "defendant failed to demonstrate that the prosecutor patently and grossly abused his discretion" by rejecting defendant's PTI application. This Court granted certification. 216 N.J. 86 (2013). Later, the

4

Attorney General elected to supersede the Somerset County Prosecutor's Office as counsel for the State.

## II.

Defendant argues that the prosecutor abused his discretion in denying defendant's PTI application by failing to consider all relevant criteria, namely the evidence of his mental illness. Relying on this Court's opinion in State v. Brooks, 175 N.J. 215 (2002), defendant also asserts the prosecutor improperly inferred guilt from his arrest history, which consisted only of dismissed charges, because he never admitted guilt to any of the dismissed charges. Because of those legal errors, defendant contends that this case must be remanded so that the prosecutor can consider defendant's application anew.

The State contends that the prosecutor merely considered that defendant was not deterred by unwarranted arrests, and that those arrests constituted part of a continuing pattern of anti-social behavior. The State also argues that defendant admitted his guilt to the 2003 diverted juvenile charges in a letter of apology written as a condition of his diversion.

Finally, the State asserts that remand is not required because the prosecutor provided other, appropriate reasons for denying defendant admission into PTI -- including the assault of Sergeant McAllister, which created a presumption against admission into PTI that defendant failed to overcome.

5

Therefore, there are two issues presented to this Court: first, whether the Somerset County Prosecutor's Office inappropriately considered defendant's prior record of dismissed charges; and second, whether the prosecutor failed to consider properly defendant's bipolar disorder in rejecting defendant's admission into PTI.

## III.

We begin our discussion with the history of Pretrial Intervention and the prosecutor's responsibilities in the admission of a defendant into the program. The Pretrial Intervention Program began in 1970 as a municipal work release diversionary program for Newark defendants. State v. Leonardis, 71 N.J. 85, 103 (1976). In subsequent years, the program was expanded and, as a result of this Court's decision in Leonardis, uniform statewide guidelines were promulgated. See id. at 121-22.

Rule 3:28 provides the administrative framework for the program, which is intended to offer an alternative to prosecution and to promote deterrence through rehabilitation for qualified applicants. See also N.J.S.A. 2C:43-12(a)(stating the purpose of Pretrial Intervention is to "[p]rovide an alternative to prosecution" and "deterrence of future criminal or disorderly behavior"). In 1979, the Legislature codified the Pretrial Intervention Program by enacting N.J.S.A. 2C:43-12, which

largely adopted the procedures and guidelines established by Rule 3:28.  See State v. Watkins, 193 N.J. 507, 517 (2008); State v. Nwobu, 139 N.J. 236, 245 (1995).

Although the details of each county's Pretrial Intervention Program vary, admission into a program is uniformly reliant upon the recommendation of the criminal division manager, the consent of the prosecutor, and the approval of the judge designated to act on all matters pertaining to Pretrial Intervention Programs in the vicinage.  R. 3:28(a), (b).  N.J.S.A. 2C:43-12(e) lists seventeen non-exclusive factors to be considered by the criminal division manager and prosecutor in determining admission into Pretrial Intervention.  Six of those factors are relevant to this appeal: the "desire of the complainant or victim to forego prosecution," N.J.S.A. 2C:43-12(e)(4); "the needs and interests of the victim and society," N.J.S.A. 2C:43-12(e)(7); "the extent to which the applicant's crime constituted a continuing pattern of anti-social behavior," N.J.S.A. 2C:43-12(e)(8); "the applicant's record of criminal and penal violations," N.J.S.A. 2C:43-12(e)(9); "whether or not the crime is of an assaultive or violent nature," N.J.S.A. 2C:43-12(e)(10); and "the history of the use of physical violence toward others," N.J.S.A. 2C:43-12(e)(12).  In addition to the factors listed in the statute, a defendant's mental illness is relevant to the prosecutor's consideration of a defendant's Pretrial Intervention

7

application.  State v. Hoffman, 399 N.J. Super. 207, 214-15 (App. Div. 2008).  The factors that must be considered by the prosecutor in determining an offender's suitability for Pretrial Intervention are not weighted.  State v. Wallace, 146 N.J. 576, 585-86 (1996).

Notwithstanding the above eligibility factors, all defendants may apply for admission.  However, applicants "who have committed serious and heinous crimes are generally recognized as problematic from a rehabilitation standpoint." Watkins, supra, 193 N.J. at 513.  There is a "'presumption against acceptance'" into Pretrial Intervention for defendants who have committed certain categories of offenses.  Id. at 520 (quoting State v. Baynes, 148 N.J. 434, 442 (1997)).  Thus, "[i]f the crime was . . . deliberately committed with violence or threat of violence against another person . . . the defendant's application should generally be rejected."  Pressler and Verniero, Current N.J. Court Rules, Guideline 3(i) on R. 3:28 at 1169 (2015).

This presumption can be rebutted by showing "compelling reasons" to justify a defendant's admission into Pretrial Intervention.  Ibid.  The defendant "must bear the burden of presenting compelling facts and materials justifying admission," Pressler and Verniero, supra, comment to Guideline 3(i) on R. 3:28 at 1171, and the program director and prosecutor "must

8

actually consider the merits of the defendant's application," State v. Green, 413 N.J. Super. 556, 561 (App. Div. 2010). "In determining whether the reasons defendant relied upon to justify his admission into Pretrial Intervention are 'compelling,' the prosecutor and any reviewing court are required to consider the criteria set forth in N.J.S.A. 2C:43-12." State v. Seyler, 323 N.J. Super. 360, 369 (App. Div. 1999), aff'd o.b., 163 N.J. 69 (2000). Also, the written recommendations of the program director and prosecutor must be provided to the defendant before they are submitted to the court. R. 3:28(c)(3).

"[A] prosecutor's or program director's written rejection of a given application must reflect only a proper consideration" of the identified information, Brooks, supra, 175 N.J. at 229, and may include a defendant's criminal record, N.J.S.A. 2C:43-12(e)(9). That consideration includes "'facts . . . not in dispute.'" Brooks, supra, 175 N.J. at 230-31 (citation omitted). In Brooks, relying on State v. Green, 62 N.J. 547, 571 (1973), we stated that a prosecutor could consider arrests that resulted in dismissed or diverted charges for the limited purpose of "whether the arrest or dismissed charge[s] should have deterred the defendant from committing a subsequent offense." Id. at 229; Green, supra, 62 N.J. at 571 ("[T]he sentencing judge might find it significant that a defendant who experienced an unwarranted arrest was not deterred by that fact

9

from committing a crime thereafter."). We disapprove of those statements in Brooks and Green because deterrence is directed at persons who have committed wrongful acts.

Proper consideration requires more than a prior arrest when the identified information is reviewed in connection with the rejection of a Pretrial Intervention application. The prosecutor and program director may not infer guilt from the sole fact that a defendant was charged, where the charges were dismissed. Ibid. For the prior dismissed charges to be considered properly by a prosecutor in connection with an application, the reason for consideration must be supported by undisputed facts of record or facts found at a hearing. Neither are present here.

Accordingly, we hold that when no such undisputed facts exist or findings are made, prior dismissed charges may not be considered for any purpose. Thus, we reject the declaration in Brooks that "[a]nalogiz[ed] a prosecutor's function . . . to that of a sentencing court," and allowed for consideration of a defendant's prior dismissed charges to infer the defendant was not deterred from his prior arrests. Ibid.

In considering and evaluating information bearing upon a defendant's admission into Pretrial Intervention, prosecutors are granted broad discretion to determine if a defendant should be diverted. Wallace, supra, 146 N.J. at 582; State v.

10

Dalglish, 86 N.J. 503, 509 (1981).  This discretion arises out of "the fundamental responsibility of prosecutors for deciding whom to prosecute."  Dalglish, supra, 86 N.J. at 509. Accordingly, to overturn a prosecutor's decision to exclude a defendant from the program, the defendant must "clearly and convincingly" show that the decision was a "patent and gross abuse of . . . discretion."  Wallace, supra, 146 N.J. at 582 (citing State v. Leonardis, 73 N.J. 360, 382 (1977)).

When a reviewing court determines that the "prosecutor's decision was arbitrary, irrational, or otherwise an abuse of discretion, but not a patent and gross abuse of discretion," the reviewing court may remand to the prosecutor for further consideration.  Dalglish, supra, 86 N.J. at 509.  Remand is the proper remedy when, for example, the prosecutor considers inappropriate factors, or fails to consider relevant factors. Id. at 510.  A remand to the prosecutor affords an opportunity to apply the standards set forth by the court "without supplanting the prosecutor's primacy in determining whether [Pretrial Intervention] is appropriate in individual cases." Id. at 514.

IV.

With these principles in mind, we now turn to the denial of defendant's PTI application in this case.  In her recommendation to the prosecutor, the PTI director concluded that a pattern of

anti-social behavior was evidenced by defendant's "history of arrests dating back [to] 2003 including a prior [a]ggravated [a]ssault as a juvenile for which he was granted a diversion." The prosecutor then stated that defendant's criminal history suggested the incident with Sergeant McAllister was "not [defendant's] first arrest for an aggressive or assaultive offense," and this offense was "part of a continuing pattern of anti-social behavior."

The prosecutor provided the following reasons for rejecting defendant's PTI application: the victim, Sergeant McAllister, objected to defendant's admission into the program, N.J.S.A. 2C:43-12(e)(4); the needs and interests of the victim and society, N.J.S.A. 2C:43-12(e)(7); defendant's continuing pattern of anti-social behavior, N.J.S.A. 2C:43-12(e)(8); defendant's criminal record, N.J.S.A. 2C:43-12(e)(9); the assaultive and violent nature of the offense charged, N.J.S.A. 2C:43-12(e)(10); and defendant's propensity towards violence, N.J.S.A. 2C:43-12(e)(12). The prosecutor's conclusions regarding defendant's continuing pattern of anti-social behavior, propensity towards violence, and criminal record are germane to this appeal.

There is no question that "[t]he extent to which the applicant's crime constitutes part of a continuing pattern of anti-social behavior" is relevant to a prosecutor's consideration of a Pretrial Intervention application. N.J.S.A.

12

2C:43-12(e)(8).  Anti-social behavior includes "not only serious criminal acts, but less serious conduct."  Brooks, supra, 175 N.J. at 227.

In State v. Negran, 178 N.J. 73 (2003), we considered a prosecutor's reliance on a twelve-year-old driving-while-intoxicated charge and other motor vehicle offenses that were more than ten years old.  Although we concluded that the offenses were too "temporally distant" to support a finding by the prosecutor of a "'pattern of anti-social behavior,'" we held that a broad category of offenses could be considered in determining an applicant's suitability for Pretrial Intervention.  Id. at 84-85 (quoting Brooks, supra, 175 N.J. at 227).  Such offenses "'includ[e] disorderly person offenses, offenses found under the juvenile code, and acts that technically do not rise to the level of adult criminal conduct.'"  Ibid.

In his denial of defendant's admission into PTI, the prosecutor here concluded from defendant's juvenile arrest for possession of a weapon, assault, fighting, and harassment that defendant has a "propensity towards violence" and a "history of aggression towards other people."  In light of those juvenile charges and considering defendant's other dismissed criminal charges, the prosecutor and PTI director concluded that defendant had "a violent history" and that the incident with

13

Sergeant McAllister was "part of a continuing pattern of anti-social behavior." To support its conclusions, the State claims that defendant admitted to the underlying conduct supporting the dismissed juvenile charges in an apology letter to the teacher whom he allegedly assaulted. If the apology letter associated with defendant's dismissed juvenile charges had been part of the record before the trial court or this Court and contained admissions made by defendant, it would have been relevant. However, the letter is not part of the record, and the PTI director and prosecutor referenced only the underlying charge, not the contents of or admissions in the letter of apology.

Because all of defendant's prior charges were dismissed, he had no record of criminal or penal "violations." We have not been provided with any writings, transcripts, or other evidence considered by the PTI director and the prosecutor containing admissions made by defendant in any of the matters, adult or juvenile, for which the charges were dismissed. Unless an inference of guilt or other conclusions could be drawn from at least one dismissed charge, based on facts, defendant's criminal record includes no indication that he had a history of violence or presented a danger toward others. Use of prior dismissed charges alone as evidence of a history of and propensity for violence or a pattern of anti-social behavior, where defendant's culpability or other facts germane to admission into Pretrial

14

Intervention have not been established in some way, constitutes an impermissible inference of guilt. See Brooks, supra, 175 N.J. at 229.

In turning to defendant's final contention, that the prosecutor failed to consider adequately his bipolar disorder, we note that prosecutors in making a Pretrial Intervention determination must make an individualized assessment of the defendant, taking into account all relevant factors. Watkins, supra, 193 N.J. at 520. Because mental health issues impact that assessment, the prosecutor is required to consider a defendant's mental illness. Hoffman, supra, 399 N.J. Super. at 214-15.

Here, the prosecutor did consider but was not swayed by defendant's mental-health evidence. The prosecutor stated in his letter to the trial court, "[r]egardless of defendant's [bipolar] condition . . . defendant does [indeed] have a history and propensity to act out in a violent manner towards others." It appears that the only evidence of defendant's "history and propensity to act out in a violent manner towards others" was his offense history. Because we find that defendant has no prior offenses that could be considered in evaluating his PTI application, we find that remand is warranted to consider de novo whether the medical evidence of defendant's bipolar

15

disorder applies to the factors relating to his admission into, or presumptive exclusion from PTI.

Having concluded that the prosecutor's decision was based on "consideration of inappropriate factors or not premised upon a consideration of all relevant factors," we reverse the judgment of the Appellate Division, and remand this matter to the Somerset County Prosecutor for further consideration of the medical evidence provided by defendant, the victim's objection to defendant's admission into PTI, and the assaultive and violent nature of the offense charged, to determine whether to admit defendant into the PTI program. In exercising discretion, the prosecutor may not consider defendant's prior dismissed offenses unless there are admissions or fact-findings that are relevant to one or more of the factors set forth in N.J.S.A. 2C:43-12(e).

V.

For the reasons set forth above, the judgment of the Appellate Division is reversed and this matter is remanded to the Somerset County Prosecutor for further consideration of defendant's PTI application consistent with this opinion.

CHIEF JUSTICE RABNER; JUSTICES LaVECCHIA, ALBIN, PATTERSON, and FERNANDEZ-VINA; and JUDGE CUFF (temporarily assigned) join in JUSTICE SOLOMON's opinion.

16

SUPREME COURT OF NEW JERSEY

NO.    A-36                    SEPTEMBER TERM 2013

ON CERTIFICATION TO      Appellate Division, Superior Court

STATE OF NEW JERSEY,

        Plaintiff-Respondent,

                v.

K.S.,

        Defendant-Appellant.

DECIDED             January 8, 2015
              Chief Justice Rabner              PRESIDING

OPINION BY              Justice Solomon

CONCURRING/DISSENTING OPINIONS BY

DISSENTING OPINION BY

| CHECKLIST | REVERSE AND REMAND | |
|---|---|---|
| CHIEF JUSTICE RABNER | X | |
| JUSTICE LaVECCHIA | X | |
| JUSTICE ALBIN | X | |
| JUSTICE PATTERSON | X | |
| JUSTICE FERNANDEZ-VINA | X | |
| JUSTICE SOLOMON | X | |
| JUDGE CUFF (t/a) | X | |
| TOTALS | 7 | |