**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R.1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4462-15T3

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

DAVONNE HORTON,

    Defendant-Appellant.

_____

Argued July 6, 2017 – Decided July 18, 2017

Before Judges Yannotti and Haas.

On appeal from Superior Court of New Jersey,
Law Division, Hudson County, Indictment No.
15-07-1006.

Michael Denny, Assistant Deputy Public
Defender, argued the cause for appellant
(Joseph E. Krakora, Public Defender, attorney;
Mr. Denny, of counsel and on the brief).

Frances Tapia Mateo, Assistant Prosecutor,
argued the cause for respondent (Esther
Suarez, Hudson County Prosecutor, attorney;
Ms. Mateo, on the brief).

PER CURIAM

Defendant pled guilty to aggravated assault, contrary to

N.J.S.A. 2C:12-1(b)(7), causing significant bodily injury, and the

trial court sentenced defendant to three years of probation. Defendant appeals from the judgment of conviction dated May 17, 2016, and argues that the trial court erred by affirming the prosecutor's denial of his application for admission to pre-trial intervention (PTI). We affirm.

A Hudson County grand jury charged defendant with first-degree robbery, N.J.S.A. 2C:15-1 (count one); second-degree aggravated assault, causing serious bodily injury, N.J.S.A. 2C:12-1(b)(1) (count two); third-degree burglary, N.J.S.A. 2C:18-2 (count three); and fourth-degree kidnapping, N.J.S.A. 2C:13-1(b) (count four). On December 3, 2015, defendant pled guilty to count two, which was amended to third-degree aggravated assault, attempting to cause significant bodily injury, N.J.S.A. 2C:12-1(b)(7). The State agreed to recommend a term of non-custodial probation and dismissal of the other charges.

At the plea hearing, defendant admitted that on December 22, 2014, he punched J.I. with the intent to cause him significant bodily injury. Defense counsel asked the court to allow defendant to apply for admission to PTI as part of his presentence interview. The judge agreed that defendant could submit a PTI application. The judge stated, however, there was "no guarantee" he would be accepted into the program.

Thereafter, defendant submitted an application to the prosecutor for admission to PTI. By letter dated January 11, 2016, the Assistant Manager of the Criminal Division, Hudson County, advised she was recommending denial of defendant's application. On January 26, 2016, Assistant Prosecutor Thomas J. Carroll wrote to the Assistant Manager of the Criminal Division and stated that her recommendation was accepted. Carroll sent a copy of his letter to the court and to defendant's attorney.

In his letter, Carroll noted that defendant had been charged with multiple first- and second-degree offenses of a violent and assaultive nature, making him presumptively ineligible for admission to PTI. Carroll stated that there was nothing in defendant's background or character that was "unusual" or "extraordinary," which would overcome the presumption against his admission to PTI.

Defendant appealed the prosecutor's determination to the trial court, arguing that the prosecutor erred by considering certain factors when deciding whether he should be admitted to PTI. On March 21, 2016, the judge heard oral arguments on the appeal. The judge remanded the matter to the prosecutor's office to clarify whether in denying defendant's application, the State had considered defendant's inability to pay court-imposed fines, his dismissed contacts with the criminal justice system, and his

admitted use of marijuana. The judge asked the prosecutor to determine if these factors were not considered, whether the State still took the position that defendant should not be admitted to PTI.

On March 30, 2015, Carroll wrote to the judge and stated that in rejecting defendants' application for admission to PTI, the State had not given any weight to defendant's ability or inability to pay court-imposed fines, his prior municipal court history, or his admitted use of marijuana. Carroll also stated that admitting defendant to PTI, after he entered a valid guilty plea, would be inconsistent with the PTI guidelines and relevant case law.

The judge considered the matter again on April 29, 2016. After hearing oral arguments, the judge placed her decision on the record. The judge noted that under a recent amendment to the PTI statute, a defendant could plead guilty to a second-degree offense and still be admitted to PTI.

The judge asked the assistant prosecutor if defendant had been charged with a third-degree offense, whether the State would still deny him admission to PTI. The assistant prosecutor replied that based on the nature of the offense, which was violent and assaultive, the State would deny defendant's application. The judge then ruled that the prosecutor's determination was not a patent and gross abuse of discretion.

The judge sentenced defendant on count two to three years of probation and dismissed the other counts of the indictment. The judge imposed fees and penalties and ordered defendant not to have any contact with the victim or the victim's family. The judge stated that if defendant complied with all of the conditions of probation, he could apply to terminate probation after one and one-half years. The judge entered a judgment of conviction dated May 17, 2016. This appeal followed.

On appeal, defendant raises the following single point:

> POINT I
>
> BECAUSE THE PROSECUTOR AND PTI DIRECTOR CONSIDERED INAPPROPRIATE FACTORS, THEIR REFUSALS TO ALLOW DEFENDANT TO ENROLL IN PTI EACH CONSTITUTE A PATENT AND GROSS ABUSE OF DISCRETION[.]

"PTI is essentially an extension of the [prosecutor's] charging decision, therefore the decision to grant or deny PTI is a 'quintessentially prosecutorial function.'" State v. Roseman, 221 N.J. 611, 624 (2015) (quoting State v. Wallace, 146 N.J. 576, 582 (1996)). Accordingly, the prosecutor's decision to grant or deny a defendant's application for PTI "is entitled to a great deal of deference." Ibid. (citing State v. Leonardis, 73 N.J. 360, 381 (1977)).

A trial court may only reverse a prosecutor's PTI decision "when the circumstances 'clearly and convincingly establish that

the prosecutor's refusal to sanction admission to the program was based on a patent and gross abuse of . . . discretion.'" Id. at 624-25 (quoting Wallace, supra, 146 N.J. at 582). The denial of a defendant's PTI application is a patent and gross abuse of discretion if the prosecutor failed to consider all relevant factors, the prosecutor based the decision on irrelevant or inappropriate factors, or the decision constitutes "a clear error of judgment." Id. at 627 (quoting State v. Nwobu, 139 N.J. 236, 247 (1995)).

Defendant argues that the prosecutor's decision to deny his application for admission to PTI was a patent and gross abuse of discretion because it was based upon unproven facts and inferences of guilt, which are not supported by the record. Defendant asserts that the prosecutor based his decision on the victim's version of the incident, as recounted in the pre-sentence report, rather than on the facts he admitted to at the plea hearing.

Admission to PTI is governed by N.J.S.A. 2C:43-12(e), which sets forth seventeen factors the prosecutor should consider in determining whether a defendant should be diverted to PTI. The statutory factors include "the nature of the offense," "the facts of the case," and whether the crime charged "is of an assaultive or violent nature[.]" N.J.S.A. 2C:43-12(e)(1), (2), and (10).

Admission to PTI is also governed by Rule 3:28 and the guidelines adopted by the Supreme Court. Guideline 3 requires the prosecutor to consider the statutory criteria in N.J.S.A. 2C:43-12(e) and other relevant circumstances, including the nature of the offense. Pressler & Verniero, Current N.J. Court Rules, Guideline 3(i) on R. 3:28, at 1235 (2017). There is a presumption against admitting "defendants who have committed certain categories of offenses" into PTI. State v. K.S., 220 N.J. 190, 198 (2015) (citing State v. Baynes, 148 N.J. 434, 442 (1997)).

A person who has deliberately committed a crime of violence or threatened violence against another person "should generally" not be admitted to PTI. Ibid. (citing Pressler & Verniero, Current N.J. Court Rules, Guideline 3(i) on R. 3:28, at 1169 (2015)). A defendant can overcome the presumption against admission if the defendant shows "compelling reasons" for admission to PTI. Ibid. (citing Pressler & Verniero, supra, Guideline 3(i) on R. 3:28, at 1169 (2015)).

In count one, defendant was charged with first-degree robbery, contrary to N.J.S.A. 2C:15-1. The indictment alleged that during the commission of a theft, defendant inflicted serious bodily injury on the victim, J.I. In count two, defendant was charged with second-degree aggravated assault, contrary to N.J.S.A. 2C:12-1(b)(1). The indictment alleged that defendant

purposely attempted to cause serious bodily injury to J.I. Defendant also was charged in count three with third-degree burglary, contrary to N.J.S.A. 2C:18-2; and in count four with fourth-degree kidnapping, contrary to N.J.S.A. 2C:13-1(b).

As we noted previously, in December 2015, defendant pled guilty to count two, which was amended to charge third-degree aggravated assault, attempting to cause significant bodily injury, contrary to N.J.S.A. 2C:12-1(b)(7). The State agreed to dismiss the other charges.

It is well established that when a prosecutor and PTI program director consider a PTI application, they "may not infer guilt from the sole fact that a defendant was charged, where the charges were dismissed." K.S., supra, 220 N.J. at 199 (citing State v. Brooks, 175 N.J. 215, 229 (2002)). In this case, however, the prosecutor properly considered the original charges in counts one, three, and four, because when the prosecutor denied defendant's PTI application, those charges had not yet been dismissed.

Indeed, the charges were not formally dismissed until after the court sentenced defendant and entered the judgment of conviction. As noted, in count one, defendant was charged with committing a crime of violence against another person. In deciding whether defendant should be admitted to PTI, the prosecutor did

not err by considering the facts and circumstances of that offense, which were developed during the investigation.

Even if the prosecutor was limited to considering only the amended charge to count two, defendant's admission at the plea hearing that he punched J.I. with the intent to cause him significant bodily injury was sufficient to establish that he committed a crime of violence against another person. Based on that admission, a presumption arose against his admission to PTI.

Defendant did not provide compelling reasons to overcome the presumption. We therefore conclude that the trial court did not err by finding that the prosecutor's decision to deny defendant's application was not a patent and gross abuse of discretion.

We have considered defendant's remaining arguments and conclude that they are without sufficient merit to warrant discussion in this opinion. R. 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

A-4462-15T3