# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4875-17T4

STATE OF NEW JERSEY,

      Plaintiff-Appellant,

v.

ERIK S. ROBINSON,

      Defendant-Respondent.

_____

Submitted January 24, 2019 – Decided April 22, 2019

Before Judges Alvarez and Mawla.

On appeal from Superior Court of New Jersey, Law Division, Gloucester County, Indictment No. 17-11-0885.

Charles A. Fiore, Gloucester County Prosecutor, attorney for appellant (Bryant J. Flowers, Assistant Prosecutor, on the brief).

Helmer, Conley & Kasselman, PA, attorneys for respondent (Jack J. Lipari, of counsel and on the brief).

PER CURIAM

The State appeals defendant Erik Robinson's admission into the pretrial intervention program (PTI), asserting that its rejection of defendant's application into the program was a reasonable exercise of prosecutorial discretion. Defendant was indicted for second-degree unlawful possession of a handgun without a permit, N.J.S.A. 2C:39-5(b)(1). We agree and reverse.

On April 23, 2017, Paulsboro police officers investigated reports of narcotics activity in the parking lot of a park. One of the officers detected the odor of marijuana emanating from defendant's car, and asked him and his passenger if they were smoking the drug. The passenger admitted they had been doing so, and the police proceeded to search the vehicle. While it was searched, defendant appeared very nervous and told the officers that there "might" be a handgun in the center console. A focused search for the weapon revealed an unloaded semi-automatic pistol in the glove box, and a semi-automatic handgun magazine containing fourteen bullets in the center console.

It is undisputed that defendant, a Delaware resident, purchased the handgun lawfully. It is also undisputed that in Delaware a handgun owner may openly carry it, however, they may not conceal their possession of such weapons.

2

The State contends that defendant's possession of the weapon at the time of arrest violated even Delaware law. Defendant urges us to reach a contrary opinion, because the gun was not concealed on his person or within his immediate reach. From that premise, he argues, it was not concealed and thus not possessed in violation of that State's laws.

On May 7, 2018, defendant submitted an application for a license to carry a concealed deadly weapon in Delaware. He did not have such a license at the time of the offense thirteen months earlier. Defendant is twenty-three years old, fully employed, the father of a toddler, and enjoys the support of family, friends, and an employer. Defendant has no criminal history of any consequence to this PTI application—only an August 20, 2017 Delaware arrest for "offensive touching" and multiple motor vehicle violations.

After the initial program director's denial, the prosecutor rejected defendant's application as well. She initially noted that the charge, second-degree in nature, required a joint application. See Rule 3:28-1(d)(1). The rejection letter went on to discuss the criteria found in N.J.S.A. 2C:43-12 and Rule 3:28, and the appropriate guidelines.[1] The rejection letter stated in

---

[1] This matter is being considered, in the absence of comment on the subject by counsel, under the prior version of Rule 3:28.

A-4875-17T4

pertinent part that, as to factor seven, the needs and interests of society were served by keeping illegal guns off the streets. As to factor ten, carrying a gun and loaded magazine clip in a vehicle "with no lawful purpose could lead to future assaultive or violent behavior." The prosecutor therefore considered the prosecution of individuals who unlawfully possess handguns to be necessary to deter defendant and others. As to factor fourteen, individuals charged with second-degree crimes required traditional prosecution. The letter concluded that society would not benefit by allowing defendant admission into PTI.

In the State's brief in opposition to defendant's appeal of the PTI rejection and in oral argument during the hearing, the prosecutor argued that defendant's use of drugs while in possession of the weapon, failure to have an appropriate permit to carry a concealed weapon in his home state, and failure to immediately disclose the presence of the gun to police were additional considerations justifying the rejection of defendant's application.

The judge admitted defendant into the program by way of a twenty-five-page opinion, assessing each factor enumerated in the N.J.S.A. 2C:43-12(e) guidelines anew. The judge prefaced his discussion by acknowledging that applicants charged with first and second-degree offenses are not to be admitted except on the joint application of the defendant and the prosecutor. He also

observed that the prosecutor's original rejection letter "demonstrated a lack of familiarity with the specific facts of this case[,]" for example, by referring to society's interest in keeping illegal guns off the street when the gun in question had been lawfully purchased.

The judge also included a discussion of three other PTI admissions, consented to by the prosecutor, which he considered to be factually similar to defendant's. He ended with the following:

> Given [d]efendant's lack of criminal history, the mere possessory nature of the offense, the lack of any evidence tending to show any use or intended use of the handgun, and the State's treating similar cases differently, the prosecutor's rejection of [d]efendant's PTI application was a patent and gross abuse of discretion. Without justification, the State's denial of this defendant's PTI application is arbitrary and captious [sic] in light of the State's PTI consent in other similar cases.

The State raises the following points on appeal:

> POINT I. THE LOWER COURT WAS INCORRECT IN GRANTING THE DEFENDANT'S ADMISSION INTO PRETRIAL INTERVENTION
>
> POINT II. THE LOWER COURT'S RULING GRANTS AN EXCEPTION TO THE MANDATORY MINIMUM WHICH IS IN OPPOSITION TO N.J.S.[A.] 2C:43-6.2

A-4875-17T4

We address only the first claim of error—that defendant's admission into PTI should be reversed—because his rejection from the program was not a patent and gross abuse of discretion.

PTI is a "diversionary program through which certain offenders are able to avoid criminal prosecution by receiving early rehabilitative services expected to deter future criminal behavior." State v. Nwobu, 139 N.J. 236, 240 (1995). PTI was initially created by Rule 3:28 and was later established as a statewide program pursuant to N.J.S.A. 2C:43-12. "Thus, since 1979, PTI has been governed simultaneously by the Rule and a statute which 'generally mirror' each other." State v. Wallace, 146 N.J. 576, 582 (1996) (citation omitted).

Rule 3:28-1(d)(1) provides that a "person who is charged with a crime, or crimes, for which there is a presumption of incarceration or a mandatory minimum period of parole ineligibility" is ineligible for PTI without prosecutorial consent. Rule 3:28-3(b) describes the application process for persons ineligible for PTI without a prosecutor's consent. The prosecutor's withholding of consent is subject to appeal as set forth in Rule 3:28-6. See Pressler & Verniero, Current N.J. Court Rules, cmt. 2 on R. 3:28-1 (2019).

Rule 3:28-4(a) requires consideration of a PTI application based on the criteria set forth in N.J.S.A. 2C:43-12(e) as well as those found in Rule

3:28-4(b). Defendants charged with a first or second degree crime must also enter a guilty plea prior to admission into PTI: "[t]o be admitted into [PTI], a guilty plea must be entered for a defendant who is charged with: . . . a first or second degree crime[.]" Rule 3:28-5(b)(2); see also N.J.S.A. 2C:43-12(g)(3).

Determining which defendants should be diverted into the PTI program "is a quintessentially prosecutorial function." Wallace, 146 N.J. at 582. Prosecutors have broad discretion in making these decisions and enjoy "enhanced or extra" deference. State v. Negran, 178 N.J. 73, 82 (2003) (citation omitted); State v. K.S., 220 N.J. 190, 199-200 (2015). Their PTI recommendations should take into consideration the non-exhaustive list of seventeen statutory factors enumerated in N.J.S.A. 2C:43-12(e). State v. Roseman, 221 N.J. 611, 621 (2015).

If a prosecutor rejects a PTI application, "then a written statement of reasons must be provided." State v. Caliguiri, 158 N.J. 28, 36 (1999). That statement of reasons "may not simply 'parrot' the language of relevant statutes." Id. at 37 (citation omitted). A PTI determination requires the prosecutor to make an individualized assessment of the defendant, considering his "amenability to correction" and potential "responsiveness to rehabilitation." Roseman, 221 N.J. at 621-22 (quoting State v. Watkins, 193 N.J. 507, 520 (2008)).

The trial court's review of PTI decisions, however, is "severely limited" and "serves to check only the 'most egregious examples of injustice and unfairness.'" Negran, 178 N.J. at 82 (quoting State v. Leonardis, 73 N.J. 360, 384 (1977)). To overturn a prosecutor's rejection, a defendant must "clearly and convincingly establish that the prosecutor's decision constitutes a patent and gross abuse of discretion." Watkins, 193 N.J. at 520 (citations omitted). This means a decision that "has gone so wide of the mark sought to be accomplished by PTI that fundamental fairness and justice require judicial intervention." Ibid. (quoting Wallace, 146 N.J. at 582-83). Neither the trial nor appellate courts should substitute their own discretion for that of the prosecutor, "even when the prosecutor's decision is one which the trial court disagrees with or finds to be harsh[.]" State v. Waters, 439 N.J. Super. 215, 237 (2015) (citation and internal quotations omitted).

An abuse of discretion exists when a defendant can prove that the PTI denial "(a) was not premised upon a consideration of all relevant factors, (b) was based upon a consideration of irrelevant or inappropriate factors, or (c) amounted to a clear error in judgment." Roseman, 221 N.J. at 625 (quoting State v. Bender, 80 N.J. 84, 93 (1979)). Nonetheless, "[i]n order for such an abuse of discretion to rise to the level of 'patent and gross,' it must further be shown that

the prosecutorial error complained of will clearly subvert the goals underlying [PTI]." Ibid. (quoting Bender, 80 N.J. at 93).

The PTI guidelines require defendants charged with first- or second-degree offenses, who are presumptively ineligible for admission, to demonstrate compelling extraordinary circumstances or "something 'idiosyncratic' in his or her background" in order to overcome the presumption. Nwobu, 139 N.J. at 252 (quoting State v. Jabbour, 118 N.J. 1, 7 (1990)); Pressler & Verniero, Current N.J. Court Rules, cmt. 2 on R. 3:28-1 (2019).

Defendant did not demonstrate some compelling extraordinary circumstance, or something idiosyncratic in his background that would have overcome the presumption against admission. Without reaching the issue of the procedural roadblocks given the nature and degree of the charge, there is nothing so compelling about the circumstances of the arrest, or so idiosyncratic about defendant's background, to justify admission over the prosecutor's objection. Doubtless, any conviction will have long-term serious consequences to a defendant who previously led a blameless life. But that harsh reality is true in every case involving similarly situated defendants. Therefore, having failed to overcome the presumption against admission, defendant should not have been admitted into the program by the court.

Nor do we agree with the trial judge that the prosecutor placed excessive weight on the nature of the offense when considering the factors enumerated in the guidelines. Although the prosecutor's letter was somewhat cursory, we glean from it that the prosecutor assessed the entire picture. The letter should have more fully expanded on an individualized assessment of defendant and the crime he committed. But the prosecutor took into account two facts she considered consequential: that in defendant's home state, his possession was unlawful, and that immediately before the discovery of the weapon defendant had been consuming drugs.

We therefore conclude that the Law Division judge substituted his own judgment for that of the prosecutor. As we noted, his opinion reassessed each factor found in the guidelines, rather than focusing on whether the prosecutor's rejection was a patent and gross abuse of discretion. The standard is not whether from an individual's perspective he should be given the opportunity to successfully complete PTI, or whether from the judge's perspective a poor decision has been made.

The prosecutor's rejection was not a patent and gross abuse of discretion or an egregious example of injustice and unfairness. See Negran, 178 N.J. at 82. The prosecutor's decision, although it would have benefitted by

10

amplification, did not go so wide of the mark as to offend fundamental fairness and require judicial intervention.  See Waters, 439 N.J. Super. at 236.

Which brings us to a final point.  The judge's inclusion of other PTI admissions of which he was aware, and that he believed were relevant to his rejection of the prosecutor's decision, was improper.  Those other matters were not subject to judicial notice.  See N.J.R.E. 201.  They were not outlined on the record based on a State v. Benjamin application by defendant for the information.  228 N.J. 358, 374-75 (2017).  The State had no opportunity to distinguish between those examples and the case at hand.  In sum, the judge improperly admitted defendant into the program, as the prosecutor's rejection was not a patent and gross abuse of discretion.

Reversed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION