# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0650-19

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

R.M.M.,[1]

     Defendant-Appellant.

_____

Submitted June 6, 2022 – Decided June 27, 2022

Before Judges Mayer and Natali.

On appeal from the Superior Court of New Jersey, Law Division, Somerset County, Indictment No. 17-06-0300.

Joseph E. Krakora, Public Defender, attorney for appellant (Alicia J. Hubbard, Assistant Deputy Public Defender, of counsel and on the brief).

Annmarie Taggart, Acting Somerset County Prosecutor, attorney for respondent (Fara Momen,

_____

[1] We use initials to preserve the confidentiality of these proceedings. R. 1:38-3(c)(5).

Special Deputy Attorney General/Acting Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant R.M.M. appeals from an August 9, 2019 Law Division order denying her admission into the pretrial intervention (PTI) program. We affirm.

This matter returns to us following a remand ordered in our previous opinion. State v. R.M.M., No. A-3132-17 (App. Div. Apr. 2, 2019) (slip op. at 7). By way of background, defendant was charged with third-degree resisting arrest, N.J.S.A. 2C:29-2(a)(3)(A) and applied for PTI. The Criminal Division Manager (CDM), who also served as the PTI director, denied her application. Initially, the State did not oppose defendant's application, but changed its position and supported denial of PTI. Defendant appealed to the Law Division, and on September 12, 2017, the judge affirmed the denial of defendant's application. Thereafter, defendant pled guilty to resisting arrest and was sentenced to one year probation.

The facts giving rise to the resisting arrest charge are straightforward. The Hillsborough Police Department responded to a call from a local hotel, reporting a man kicked in the hotel's office door and tried to assault the manager. The caller reported that the man and a woman ran down the street and were hiding in the nearby woods. Officers searched the woods for the two individuals and

found a man and defendant. As discussed in greater detail later in our opinion, see infra at p. 9, defendant violently resisted the officers who tried to arrest her. In addition to resisting arrest, defendant was charged with disorderly persons offenses for possession with intent to use drug paraphernalia, N.J.S.A. 2C:36-2, and obstructing administration of law or other governmental function, N.J.S.A. 2C:29-1, which were dismissed in accordance with her plea agreement.

In our unpublished opinion, we concluded a remand was necessary because the CDM and prosecutor rejected defendant's application "almost exclusively on her three prior juvenile adjudications without consideration of other relevant factors" set forth in N.J.S.A. 2C:43-12(e). R.M.M., slip op. at 6-7. As we explained:

> [T]he CDM and the prosecutor failed to give consideration to defendant's individual characteristics, including the following: her small stature relative to the officers who made the arrest; her youth at the time of the offense; consideration that her offense was unrelated to the property damage and attempted assault of the hotel manager; her amenability to rehabilitation; her need for counseling to address her judgment in selecting acquaintances; her lack of any prior adult offenses; her strong family bond; her graduation from high school; her desire to attend a four-year college; and her attaining a full-time job after graduating high school so she could enroll in college.
>
> [Id. at 6.]

A-0650-19

On remand, the CDM and prosecutor reevaluated defendant's application and again found that defendant was unfit for PTI. Defendant filed a second appeal to the Law Division and, after considering our opinion, the CDM's and prosecutor's letters reaffirming their initial recommendations, along with the parties' written submissions and oral arguments, Judge Kevin M. Shanahan denied defendant's appeal and issued an August 9, 2019 order and written opinion in which he explained:

> [T]he State has addressed the factors set forth by the Appellate Division in its letter of June 28, 2019. The prosecutor weighed the defendant's relatively small stature, noting that she has had multiple physical confrontations with police. The prosecutor also spoke to the possibility for counseling/rehabilitation, stating that the defendant has faced problems with law enforcement while with various acquaintances and that she has previously failed to successfully rehabilitate as she had not paid restitution, committed new offenses, and had tested positive for drug use. The State also emphasized that while the defendant had no adult criminal history, she was only nineteen at the time of the present offense and did have a prior juvenile history. Finally, the State addressed the defendant's family bonds and desire to attend college as factors which did not fully mitigate the other reasons for rejection from PTI. It is clear that the State has now addressed all relevant factors, including the defendant's specific individual characteristics as required by the Appellate Division. See State v. K.S., 220 N.J. 190, 200 (2015). Consequently, this Court cannot conclude that there was a pat[]ent and gross abuse of discretion

or that the rejection from PTI was arbitrary and unreasonable.

The Court does not find that the prosecutor's decision has gone so wide off the mark sought to be accomplished by PTI that fundamental fairness and justice requires judicial intervention. Taken together, the State's previous and current PTI rejections confirmed that its decision rested on an evaluation of all of the relevant factors in this case, including those factors specified by the Appellate Division. Therefore, this Court must afford the State the enhanced deference required by law.

This appeal followed in which defendant raises the following arguments:

POINT I

THE TRIAL COURT ERRED IN FINDING THE STATE'S DENIAL OF DEFENDANT'S APPLICATION FOR PRE-TRIAL INTERVENTION WAS NOT AN ABUSE OF DISCRETION.

A.    The State's Failure to Consider Relevant Factors

    1. Factors One, Two, Eight, Nine, Ten, and Twelve

    2. Factor Three

    3. Factors Five and Six

    4. Factors Seven, Eleven, Fourteen, and Seventeen[2]

---

[2]  We have reformatted defendant's point headings by adding numbers 1-4 for ease of reference.

A-0650-19

B. The Subversion of the goals of the PTI
Program

We have considered defendant's contentions in light of the applicable law and the motion record and reject all of her arguments substantially for the reasons detailed in Judge Shanahan's thoughtful and well-reasoned twelve-page written decision. We provide the following comments to amplify our decision.

Our review of an appeal from denial of PTI is limited. State v. Negran, 178 N.J. 73, 82 (2003). We apply the same de novo standard of review of a prosecutor's rejection of a PTI application as the trial court. State v. Waters, 439 N.J. Super. 215, 226 (App. Div. 2015). If a prosecutor's decision demonstrates consideration of all appropriate factors, it will not be disturbed absent a showing that it was a patent and gross abuse of discretion. State v. K.S., 220 N.J. 190, 200 (2015). We afford prosecutors "broad discretion to determine if a defendant should be diverted." Id. at 199. We address "only the 'most egregious examples of injustice and unfairness'" in reviewing a denial of PTI. Negran, 178 N.J. at 82 (quoting State v. Leonardis, 73 N.J. 360, 384 (1977)). A defendant rejected from PTI "must 'clearly and convincingly' show that the decision [to deny admission into PTI] was a 'patent and gross abuse of . . . discretion.'" K.S., 220 N.J. at 200 (quoting State v. Wallace, 146 N.J. 576, 582 (1996)).

A-0650-19

A "[d]efendant generally has a heavy burden when seeking to overcome a prosecutorial denial of his [or her] admission into PTI." State v. Watkins, 193 N.J. 507, 520 (2008). The decision whether to admit a defendant to a PTI program is "'primarily individualistic in nature' and a prosecutor must consider an individual defendant's features that bear on his or her amenability to rehabilitation." State v. Nwobu, 139 N.J. 236, 255 (1995) (quoting State v. Sutton, 80 N.J. 110, 119 (1979)).

To establish an abuse of prosecutorial discretion, a defendant must demonstrate:

> that a prosecutorial veto (a) was not premised upon a consideration of all relevant factors, (b) was based upon a consideration of irrelevant or inappropriate factors, or (c) amounted to a clear error in judgment . . . . In order for such an abuse of discretion to rise to the level of "patent and gross," it must further be shown that the prosecutorial error complained of will clearly subvert the goals underlying [PTI].
>
> [State v. Roseman, 221 N.J. 611, 625 (2015) (first alteration in original) (quoting State v. Bender, 80 N.J. 84, 93 (1979)).]

Applying these standards, we discern no abuse of discretion in the prosecutor's denial of defendant's application, much less one that is "patent and gross." "A patent and gross abuse of discretion is defined as a decision that 'has gone so wide of the mark sought to be accomplished by PTI that fundamental

fairness and justice require judicial intervention.'" Watkins, 193 N.J. at 520 (quoting Wallace, 146 N.J. at 582-83). "The question is not whether we agree or disagree with the prosecutor's decision, but whether the prosecutor's decision could not have been reasonably made upon weighing the relevant factors." Nwobu, 139 N.J. at 254.

First, contrary to defendant's arguments before us, and as Judge Shanahan correctly concluded, the CDM and prosecutor fully complied with our remand instructions, specifically considering all relevant factors set forth in N.J.S.A. 2C:43-12(e)[3] as well as the personal characteristics we identified in our unpublished opinion.

---

[3] In point I.A, defendant specifically contends the CDM and prosecutor failed to consider N.J.S.A. 2C:43-12(e)(1) (nature of the offense), (2) (facts of the case), (3) (motivation and age of defendant), (5) (existence of personal problems which may be related to the crime and for which services may be provided more effectively through supervisory treatment and the probability that the causes of the behavior can be controlled by treatment), (6) (likelihood that the crime is related to a situation that would be conducive to change through participation in supervisory treatment), (7) (needs and interest of the victim and society), (8) (extent to which the applicant's crime constitutes part of a continuing pattern of anti-social behavior), (9) (applicant's record of criminal and penal violations and the extent to which she may present a substantial danger to others), (10) (whether or not the crime is of an assaultive or violent nature), (11) (whether or not prosecution would exacerbate the problem that led to the criminal act), (12) (history of use of physical violence towards others), (13) (any involvement with organized crime), (14) (whether or not the crime is of such a nature that the value of supervisory treatment would be outweighed by the public need for

A-0650-19

In doing so, the CDM and prosecutor properly described the violent assault committed by defendant upon the police while resisting arrest. As detailed by the CDM, and which the prosecutor expressly agreed, defendant repeatedly failed to remain on the ground when directed by the police, ran from them while handcuffed, rolled on her back in a defensive position while the officers attempted to detain her, refused to provide identifying information, spewed vituperative epithets, and violently assaulted a police officer by repeatedly kicking him in the groin. In similar circumstances, we concluded that such violent conduct supported a prosecutor's presumption against PTI. See State v. Lee, 437 N.J. Super 555, 569 (App. Div. 2014) (sustaining a prosecutor's rejection of the defendant's application to PTI where defendant deliberately assaulted police officers).

The CDM considered defendant's relative size contextually by referring to a prior violent interaction with the police where she escaped from her handcuffs and engaged in similar assaultive conduct, most notably by using the handcuffs as a weapon and attempting to kick out the windows of the police

prosecution), and (17) (whether or not the harm done to society by abandoning criminal prosecution would outweigh the benefits to society from channeling an offender into a supervisory treatment program).

vehicle during her detention. The prosecutor also acknowledged defendant's size but explained that such a characteristic had limited relevancy to the decision whether to admit defendant to PTI.

The CDM and prosecutor found defendant's amenability to rehabilitation was limited. Each noted that she committed her resisting offense while on probation, previously tested positive for controlled dangerous substances, and failed to make restitution payments related to a prior incident when she intentionally damaged a classmate's car. The CDM also noted that defendant had been "uncooperative with following substance abuse evaluation recommendations."

The CDM acknowledged that defendant's resisting offense was "her first arrest as an adult" but also explained that she was only eighteen at the time and had prior criminal incidents. Likewise, the prosecutor stated that, due to defendant's age at the time of her resisting offense, her lack of an adult record was "not surprising." The prosecutor also explained that defendant "has amassed a record that included multiple incidents of threatening or violent behavior against law enforcement officers" evidencing "defendant's deep-seated animosity toward law enforcement which is somewhat unusual in light of her relatively young age."

A-0650-19

With regard to defendant's bond with her family, the CDM stated it was unclear whether she "would receive financial and emotional support while residing with her family during a period of PTI postponement." The prosecutor also expressed doubts that defendant's bond with her family was "strong," reasoning that her family was "unwilling to pay restitution to resolve a prior juvenile matter without court involvement."

The CDM and prosecutor also acknowledged that defendant graduated from high school, works full-time, and intends to obtain a four-year college degree, but concluded those facts did not support her admission to PTI. The CDM explained that rejection from PTI should not preclude defendant from graduating from college or obtaining gainful employment, noting that defendant may seek an expungement after a waiting period.

As to her "need for counseling to address her judgment in selecting acquaintances" the prosecutor reasoned that defendant's history indicates that "she is the common denominator in various incidents with the police, and not an arbitrarily noted 'acquaintance.'" The CDM and prosecutor also acknowledged that defendant was not charged with any offenses related to the property damage or attempted assault at the hotel. The CDM explained, however, that defendant knowingly possessed "illegal drug paraphernalia" at the time she resisted arrest.

11

"[U]nless and until a defendant demonstrates [the prosecutor failed to consider the seventeen factors listed in N.J.S.A. 2C:43-12(e)], our judges must presume that all relevant factors were considered and weighed prior to a prosecutorial veto." Lee, 437 N.J. Super. at 562 (first alteration in original) (quoting Bender, 80 N.J. at 94); see also Nwobu, 139 N.J. at 249 ("the prosecutor 'should note the factors present in defendant's background or the offense purportedly committed which led [the prosecutor] to conclude that admission should be denied.'") (alteration in original) (quoting Sutton, 80 N.J. at 117). Here, defendant did not rebut that presumption.

We note that the CDM's and prosecutor's letters, rather than form correspondences indiscriminately noting the statutory factors, represented a tailored response to defendant's application and a specific rejection of all points raised. See Nwobu, 139 N.J. at 249 (explaining the prosecutor must state the reasons for rejecting a PTI application with specificity). The prosecutor fully considered the relevant factors and those we identified, and considered not only the facts of the case, which included defendant's violent assault and shockingly dangerous interactions with armed police officers, but also her age, personal characteristics, physical condition, prior involvement with the criminal justice system, and the positive steps defendant made, and was making, in her life. To

A-0650-19

contend the prosecutor's thoughtful and considerable analysis was based exclusively on defendant's offenses is simply without factual support.

Further, contrary to defendant's assertions, the rejection of her application in no way "subvert[ed] the goals" of the PTI program. Instead, the CDM's and prosecutor's careful analysis and application of the statutory factors to defendant's personal characteristics and facts of her offense fully supported their conclusion that defendant was unfit for admission to PTI. We reject defendant's claims that the denial of her application subjects her to "the stigmatization of a felony conviction," as any consequences defendant faces as a result of her conviction are attributable to her violent offense and history of unlawful conduct, rather than the State's reasoned rejection of her application.

We are therefore convinced that Judge Shanahan correctly determined the prosecutor's decision to deny defendant's application to PTI was not a patent and gross abuse of discretion. The prosecutor's decision was not so wide of the mark of the goals of PTI that it requires our intervention.

To the extent we have not specifically addressed any of defendant's arguments, it is because we have concluded any such issue lacked sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(2).

A-0650-19

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

14