NOT FOR PUBLICATION WITHOUT THE
 APPROVAL OF THE APPELLATE DIVISION
 This opinion shall not "constitute precedent or be binding upon any court."
 Although it is posted on the internet, this opinion is binding only on the
 parties in the case and its use in other cases is limited. R. 1:36-3.

 SUPERIOR COURT OF NEW JERSEY
 APPELLATE DIVISION
 DOCKET NO. A-3141-15T4

STATE OF NEW JERSEY,

 Plaintiff-Respondent,

v.

DARRELL K. RAINEY,

 Defendant-Appellant.
___________________________________

 Submitted October 10, 2017 – Decided October 26, 2017

 Before Judges Sabatino and Ostrer.

 On appeal from the Superior Court of New
 Jersey, Law Division, Essex County, Indictment
 Nos. 14-02-0402 and 14-02-0403.

 Joseph E. Krakora, Public Defender, attorney
 for appellant (Theresa Yvette Kyles, Assistant
 Deputy Public Defender, of counsel and on the
 brief).

 Robert D. Laurino, Acting Essex County
 Prosecutor, attorney for respondent (Frank J.
 Ducoat, Special Deputy Attorney General/
 Acting Assistant Prosecutor, of counsel and
 on the brief).

PER CURIAM

 In a bifurcated trial, defendant was convicted of second-

degree unlawful possession of a handgun, N.J.S.A. 2C:30-5(b);
third-degree possession of a controlled dangerous substance

(heroin), N.J.S.A. 2C:35-10(a); fourth-degree possession of a

defaced firearm, N.J.S.A. 2C:39-3(d) and obstruction of the

administration of law, N.J.S.A. 2C:29-1; and then he was convicted

of second-degree certain person not to possess a firearm, N.J.S.A.

2C:39-7(b). The court sentenced defendant to an aggregate term

of ten years, with a five-year period of parole ineligibility.

 Defendant presents the following points on appeal:

 POINT I

 BECAUSE THE STATE FAILED TO PROVE BEYOND A
 REASONABLE DOUBT THAT THE DRUGS AND WEAPON
 FOUND IN TWO ADJACENT BACK YARDS HAD BEEN
 POSSESSED BY RAINEY, THE VERDICT WAS AGAINST
 THE WEIGHT OF THE EVIDENCE AND MUST BE
 REVERSED. (Not Raised Below)

 POINT II

 THE FAULTY STATEMENT OF REASONS GIVEN FOR THE
 CONTROLLING SENTENCE REQUIRES A REMAND FOR
 RESENTENCING.

 Unpersuaded by these arguments, we affirm.

 The facts of the case are uncomplicated. Two police officers

testified that during a field inquiry, defendant refused to permit

one of them to pat him down, after the officer spotted a bulge in

his hoodie. Defendant ran and the officers gave chase. One

officer testified that he observed defendant toss a gun and a

drugstore bag while he fled. The officer retrieved the gun and

 2 A-3141-15T4
the bag, which contained heroin along with dental products.

Defendant admitted he fled from the officer, but denied he

possessed a gun or drugs. He said the bulge in the pocket was a

cell phone, which he simply lost during the chase, and the

drugstore bag he dropped contained no heroin. The jury evidently

believed the officers, and not defendant.

 As defendant did not move for a new trial, his argument that

the conviction was against the weight of the evidence is

procedurally barred. See R. 2:10-1 (stating "the issue of whether

a jury verdict was against the weight of the evidence shall not

be cognizable on appeal unless a motion for a new trial on that

ground was made in the trial court."). The procedural requirement

is no mere technicality, as we are obliged to defer to a trial

court's ruling, which is based on its feel of the case, and

opportunity to assess witnesses' credibility. State v. Carter,

91 N.J. 86, 96 (1982). Although the Rule may be relaxed in the

interests of justice, to prevent a miscarriage of justice under

the law, State v. Smith, 262 N.J. Super. 487, 512 (App. Div.),

certif. denied, 134 N.J. 476 (1993), there is no compelling reason

to do so here.

 In any event, defendant's argument of insufficient proof

lacks substantive merit. On a motion for a new trial, "[t]he

evidence should be sifted to determine whether any trier of fact

 3 A-3141-15T4
could rationally have found beyond a reasonable doubt that the

essential elements of the crime were present." Carter, supra, 91

N.J. at 96. Little sifting is needed here to conclude the jury's

verdict was rationally based on the testimony of two officers.

Despite defense efforts to undermine their credibility, the jury

obviously found the officers' version of events substantially more

plausible than defendant's. We discern no failure of the jury's

function to warrant our intervention. See Smith, supra, 262 N.J.

Super. at 512.

 We also reject defendant's challenge to his sentence.

Defendant was eligible for an extended term. However, the State

declined to seek one, and recommended the ten-over-five aggregate

sentence. Defense counsel concurred. She presented no mitigating

facts, aside from noting that defendant did not commit a crime of

violence, nor did he actually sell or distribute drugs.

 The court accepted counsels' joint sentencing recommendation.

The court reviewed defendant's record, noting he was twenty-nine

years old; he had thirteen prior arrests, and three prior

indictable convictions including two CDS-related convictions; and

he was unemployed and lacked a high school diploma. The court

found aggravating factors three, risk of reoffending; six, prior

criminal record; and nine, the need to deter defendant and others.

See N.J.S.A. 2C:44-1(a)(3), (6), (9). The court found no

 4 A-3141-15T4
mitigating factors. See N.J.S.A. 2C:44-1(b). Thus, the

aggravating factors preponderated.

 In particular, the court imposed sentences of: five years

flat on the drug count; eighteen months flat on the obstruction

count; eighteen months, with an eighteen-month parole

ineligibility term, on the possession of a defaced weapon count;

ten years, with a five-year parole ineligibility term, on the

handgun possession count; and five years, with a five-year parole

ineligibility term, on the certain persons count — all to run

concurrently.

 We apply a deferential standard of review to the trial court's

sentencing determination. State v. Grate, 220 N.J. 317, 337

(2015). No doubt, the court's statement of reasons could have

been more explanatory. See State v. Fuentes, 217 N.J. 57, 74

(2014) (stating that trial courts must provide a "clear and

detailed statement of reasons" for a sentence). Nonetheless, we

are satisfied that the court's finding of aggravating factors and

lack of mitigating factors was "based upon competent and credible

evidence in the record." Fuentes, supra, 217 N.J. at 70 (quoting

State v. Roth, 95 N.J. 334, 364-65 (1984)). Although the trial

court noted defendant's multiple arrests, the court did not

 5 A-3141-15T4
identify them, let alone presume defendant's guilt.1 In any event,

the balance of defendant's record supported the court's findings.

The sentence does not shock our judicial conscience. See State

v. Case, 220 N.J. 49, 65 (2014). Therefore, we will not disturb

it.

 However, as the State concedes, defendant's judgment of

conviction erroneously refers to N.J.S.A. 2C:43-7(c), which

pertains to an extended term, although the court did not impose

one. See State v. Pohlabel, 40 N.J. Super. 416, 423 (App. Div.

1956) (stating that a clearly stated oral sentence will control

where it conflicts with the written judgment). Furthermore, the

separate judgment of conviction for the certain persons offense

does not state that the sentence would run concurrent to the other

sentences. We remand for prompt correction of the judgments.

 Affirmed. Remanded solely for correction of the judgments

of conviction. We do not retain jurisdiction.

1
 The Court in State v. K.S., 220 N.J. 190, 199 (2015), reviewing
the denial of a pretrial intervention application, disapproved of
the statement in State v. Green, 62 N.J. 547, 571 (1973) that a
"sentencing judge might find it significant that a defendant who
experienced an unwarranted arrest was not deterred by that fact
from committing a crime thereafter." The K.S. Court concluded
that "deterrence is directed at persons who have committed wrongful
acts" not those simply charged. 220 N.J. at 199. However, even
if K.S. is extended to sentencing, as opposed to PTI admission,
it was decided after the sentencing in this case.

 6 A-3141-15T4