**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0962-17T3

ZULKARNAIN KAGALWALLA,

    Plaintiff-Appellant,

v.

ANTHONY FLERES,

    Defendant-Respondent.

_____

Submitted September 17, 2018 – Decided October 2, 2018

Before Judges Sumners and Mitterhoff.

On appeal from Superior Court of New Jersey, Law Division, Middlesex County, Docket No. L-4293-17.

Zulkarnain Kagalwalla, appellant pro se.

Methfessel & Werbel, PC, attorneys for respondent (Jennifer M. Herrmann, of counsel and on the brief).

PER CURIAM

Pro se plaintiff Zulkarnain Kagalwalla appeals from the trial court's September 15, 2017 dismissal of his defamation complaint against defendant

Anthony Fleres. We affirm, substantially for the reasons stated in the trial court's oral opinion of September 15, 2017. We add only the following brief comments.

This case arises from a long-term and contentious relationship between plaintiff and the West Windsor Plainsboro School District ("school district"). Plaintiff's animosity towards the school district stems from a January 2014 report it made to the Division of Child Protection and Permanency ("DCPP") concerning certain comments plaintiff's daughter made at school. Plaintiff alleges school officials wrongfully detained his daughter after school without his knowledge or consent to allow the DCPP investigator to obtain a statement from his daughter. In the wake of the 2014 report, plaintiff sent numerous messages to school officials expressing his anger about the school's conduct that ultimately resulted in plaintiff's indictment for harassment. The criminal case was resolved when plaintiff agreed to an offer of Pre Trial Intervention ("PTI").

Plaintiff's complaint against defendant, who is the president of the school district, alleges that defendant defamed him by posting derogatory statements about him on a local Facebook page, the West Windsor Peeps ("WWP"). After plaintiff allegedly made upsetting comments to WWP's group administrator, the group administrator removed plaintiff from the group and posted her decision to

do so on the WWP Facebook page. The group administrator expressed concern in a subsequent post that plaintiff might be threatening her.

> [Plaintiff] just threatened me… Not sure if he means a lawsuit or bodily harm. He just sent me my address…Not sure how he got it. Not sure how I should proceed!!!

In response to the group administrator's post, defendant replied:

> Everyone, the man has a bunch of personal issues that he needs to work through. Trust me, as one of his targets, I'm not sorry to see him leave the group, but now we should just let him go. There's no reason for us to continue to pile on.

Regarding the alleged threat to the group administrator, defendant continued:

> Yes, please let the police know. Speaking from experience, he's harmless but his harassment shouldn't be tolerated. He has a history with the WW Police.

The trial court dismissed plaintiff's complaint for failure to state a claim based on the fact that defendant's statement that plaintiff has a history with the police is true. On this appeal, plaintiff contests the trial court's finding that defendant's statement that plaintiff "has a history with the WW Police" is true, mandating dismissal of the complaint.

We review an order granting a motion to dismiss de novo. Castello v. Wohler, 446 N.J. Super. 1, 14 (App. Div.), certif. denied, 228 N.J. 39 (2016). A motion to dismiss a complaint for failure to state a cause of action must be

3

denied if, giving plaintiff the benefit of all his allegations and all favorable inferences, a cause of action has been made out. R. 4:6-2(e); see Burg v. State, 147 N.J. Super. 316, 319-20 (App. Div. 1977).

In this case, plaintiff admits that he was charged and indicted, but wrongly believes that because the criminal matter was resolved through PTI and not by a conviction, the statement that he has a history with the police is false. Clearly, by plaintiff's own admission, and as the trial court properly found, defendant's statement is true, and truth is an absolute defense to a defamation cause of action. G.D. v. Kenny, 205 N.J. 275, 293 (2011).[1] For that reason, we affirm the trial court's dismissal for failure to state a cause of action.

Plaintiff's remaining arguments have insufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

---

[1] Plaintiff's reliance on State v. K.S., 220 N.J. 190 (2015) is unavailing. K.S. dealt with standards for admission to PTI and did not address standards for review of a defamation claim.

A-0962-17T3