**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2623-15T1

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

COREY SAUNDERS, a/k/a
COREY SANDERS,

     Defendant-Appellant.

_____

Submitted January 10, 2018 – Decided  October 17, 2018

Before Judges Fuentes and Suter.

On appeal from Superior Court of New Jersey, Law Division, Middlesex County, Indictment No. 13-06-0852.

Joseph E. Krakora, Public Defender, attorney for appellant (Lauren S. Michaels, Assistant Deputy Public Defender, of counsel and on the brief).

Andrew C. Carey, Middlesex County Prosecutor, attorney for respondent (Nancy A. Hulett, Assistant Prosecutor, of counsel and on the brief).

The opinion of the court was delivered by

FUENTES, P.J.A.D.

A Middlesex County grand jury returned an indictment against defendant Corey Saunders, charging him with three counts of third degree possession of cocaine, N.J.S.A. 2C:35-10(a)(1); three counts of third degree possession of cocaine with intent to distribute, N.J.S.A. 2C:35-5(a)(1); three counts of third degree distribution of cocaine, N.J.S.A. 2C:35-5(b)(3); three counts of third degree possession of cocaine with intent to distribute or distributing cocaine within 1000 feet of a school, N.J.S.A. 2C:35-7; and one count of second degree distribution of cocaine to an undercover police officer within 500 feet of a public housing complex, N.J.S.A. 2C:35-7.1.[1]

On October 25, 2013, defendant entered into a negotiated agreement with the State, through which he pled guilty to one count of third degree distribution of cocaine to an undercover police officer, within 1000 feet of a school. In exchange, the State agreed to dismiss the remaining counts in the indictment and recommended that the court sentence defendant to a four-year term of imprisonment, with eighteen months of parole ineligibility. On March 11, 2014, the trial judge sentenced defendant consistent with the terms of the plea

---

[1] The first indictment charged defendant with committing only twelve third degree drug-related offenses. The State thereafter obtained a superseding indictment that added the second degree offense under N.J.S.A. 2C:35-7.1.

agreement.  Defendant appeals from the order of the Criminal Part that upheld the decision of the Middlesex County Prosecutor's Office (MCPO) to deny his application for admission into the pre-trial intervention (PTI) program.  This is the second time defendant has brought this issue before this court.  In the first appeal, defendant argued, inter alia, that the MCPO improperly considered and relied on prior dismissed charges "to wrongly find that the present allegations were part of a continuing pattern of antisocial behavior."  State v. Corey Saunders, No. A-4460-13 (App. Div. September 22, 2015) (slip op. at 2).

In response to this particular argument, this court noted that at the time the MCPO rejected defendant's PTI application, our Supreme Court had not yet decided State v. K.S., 220 N.J. 190 (2015).  Id. at 4.  In K.S., the Court considered "whether it was proper for the Somerset County Prosecutor to rely upon adult criminal charges that had been dismissed and juvenile charges of possession of a weapon, assault, fighting, and harassment that had been diverted and dismissed in rejecting defendant's application for admission into [the PTI program]."  220 N.J. at 193.

After a careful review of the salient facts of the case, the eligibility factors codified in N.J.S.A. 2C:43-12(e), and the guidelines in Rule 3:28, the Court in K.S. held "it is improper to rely upon previously dismissed charges alone as

evidence in support of a 'continuing pattern of anti-social behavior.'" Saunders, slip op. at 4 (quoting K.S., 220 N.J. at 201-02). Although we acknowledged that the prosecutor "did not rely solely on dismissed charges to justify his finding of continuing antisocial behavior . . . [,]" the record showed that the "dismissed charges constituted a sufficiently prominent part of the prosecutor's reasoning to call into question his conclusion." Saunders, slip op. at 4. We thus vacated the trial court's order that upheld the prosecutor's rejection of defendant's application for admission into PTI and remanded the matter "to the prosecutor for further consideration in light of K.S." Ibid.

The MCPO responded to this court's remand order in a letter dated October 21, 2015, addressed to the trial judge assigned to decide defendant's challenge to the prosecutor's rejection of his application for admission into PTI.[2] In a comprehensive, well-reasoned analysis, the prosecutor described the evidence that supports the charges against defendant. According to a certification submitted by an MCPO investigator, on three separate occasions between February 17, 2012 and February 24, 2012, defendant sold a quantity of cocaine to an undercover law enforcement officer. Defendant made these three

---

[2] Pursuant to Rule 3:28(a): "Each Assignment Judge shall designate a judge or judges to act on matters pertaining to pretrial intervention programs in the vicinage in accordance with N.J.S.A. 2C:43-12 and 13."

illicit transactions within 1000 feet of two elementary schools. Although legally irrelevant under N.J.S.A. 2C:35-7(d), the prosecutor noted that when one of the three alleged illicit transactions occurred, one of the schools was not in session due to a legal holiday. The schools were in session, however, when defendant allegedly sold cocaine to the undercover officer on two other separate occasions. Finally, the investigator emphasized that the location defendant selected to engage in these illicit activities is frequently used by the children "as a major route to walk to and from … school."

The prosecutor again denied defendant's PTI application. This time, the prosecutor emphasized that his decision to reject defendant's application was not influenced by any prior criminal charges that did not result in a conviction or juvenile complaints that did not result in an adjudication of delinquency. The prosecutor claimed his decision was strictly based on the criteria codified in N.J.S.A. 2C:43-12(e). The following analysis of N.J.S.A. 2C:43-12(e)(14) reflects the prosecutor's overall assessment of defendant's suitability for admission into PTI:

> The State contends that there is no proper "supervisory treatment" in this particular case for this defendant. His ready access to drugs and lack of consideration for whom he sells the drugs to or where he sells the drugs at are indicative of the fact that he cares not for the consequences of his actions. He will sell to people he

does not know and has met for the first time on three (3) separate occasions. [sic] The fact that this individual does not care about the consequences of his actions makes "supervisory treatment" inapplicable in this case. Upon the direction of the Appellate Division to re-evaluate our position, a review of this factor [N.J.S.A. 2C:43-12(e)(14)] weighs against admitting this defendant into PTI.

The judge assigned to review the prosecutor's rejection of defendant's PTI application reached a similar conclusion. Defendant was nineteen years old at the time he was selling cocaine to undercover police officers. The judge found defendant "used marijuana every day" and was taking opioid-based medication. Defendant was adjudicated delinquent on the charge of armed robbery with a knife when he was merely twelve years old. Based on the seriousness of the charges listed in the indictment, the judge found "the prosecutor has not abused his discretion" when he decided to reject defendant's application for admission into PTI.

Against this record, defendant now appeals raising the following arguments.

POINT I

AFTER BEING ORDERED BY THIS COURT TO RECONSIDER SAUNDERS' PTI APPLICATION, THE PROSECUTOR STOOD BY HIS INITIAL DECISION TO REJECT SAUNDERS DESPITE THE PROGRAM DIRECTOR'S RECOMMENDATION

6

FOR ADMISSION AND SAUNDERS' CLEAR SUITABILITY FOR PARTICIPATION IN A SUPERVISORY PROGRAM. THE PROSECUTOR'S DECISION CONSTITUTED A PATENT AND GROSS ABUSE OF DISCRETION THAT CLEARLY SUBVERTED THE GOALS UNDERLYING PTI, AND MUST BE REVERSED.

A. The prosecutor's rejection was not premised on a consideration of all relevant factors, and was based on a consideration of irrelevant or inappropriate factors.

1. Although he was ordered to reconsider Saunders' application without the dismissed charges, it is evident that the prosecutor did not actually reconsider the application, but instead simply removed the references to the dismissed charges. As a result, the prosecutor again wrongly found that the present allegations were part of a continuing pattern of antisocial behavior.

2. The prosecutor again incorrectly determined that Saunders was dangerous and had a violent history, and that selling drugs near school property, with no children around, "displays injurious consequence to innocent children."

3. "The facts of the case" and "the nature of the case" actually inure in Saunders' favor.

4. In a case involving unremarkable controlled buys in which no one was injured or threatened it was improper for the prosecutor to consider the opinion of a

police officer as a stand in for a "victim" to deny Saunders the opportunity to enter PTI.

5. The prosecutor improperly denied the application because of Saunders' alleged involvement in organized criminal activity, based on the conclusion that this applies to any drug sale.

6. The prosecutor's rejection of Saunders based on a vague allegation that he was "associate[ed] [sic] with known gang members" was a gross and patent abuse of discretion.

7. The prosecutor's baseless conclusion that Saunders was motivated "solely by profit" in the face of undisputed evidence was a gross and patent abuse of discretion.

B. The prosecutor failed to conduct an individualized assessment, improperly found that Saunders did not respond positively to rehabilitative efforts to address his personal problems, and insinuated that his documented disabilities were unproven. This was a clear error in judgment because it is undisputed that Saunders has struggled with learning disability [sic], delays, and ADHD, as well as trauma, from a very young age, [and] that he responded favorably to juvenile probation, and he is young.

We reject these arguments and affirm. In order for a trial judge to admit a defendant into PTI over the prosecutor's objection, the judge must find the prosecutor's decision constituted "a patent and gross abuse of discretion." <u>State</u>

v. Roseman, 221 N.J. 611, 625 (2015). "The purpose of the PTI Program is to provide the opportunity to certain defendants to avoid the traditional prosecutorial route by receiving rehabilitative services." State v. Rizzitello, 447 N.J. Super 301, 310-11 (App. Div. 2016) (citing Guideline 1 to Rule 3:28). This diversionary program is predicated on the prosecutor's discretionary authority to determine whether there is sufficient evidence to charge an individual with a criminal offense. Thus, "the decision to grant or deny PTI is a 'quintessentially prosecutorial function.'" Roseman, 221 N.J. at 624 (quoting State v. Wallace, 146 N.J. 576, 582 (1996)).

Here, defendant was charged with selling cocaine to an undercover law enforcement officer, on three separate occasions and within 1000 feet of two elementary schools. These are not isolated incidents. This is evidence of a pattern of criminal activity that involves the distribution and acquisition of quantities of a highly addictive illicit narcotic. The State presented strong evidence of defendant's guilt. If convicted after a trial, defendant was facing an aggregate sentence of fifteen years imprisonment, with nine years of parole ineligibility. See N.J.S.A. 2C:35-7.

The prosecutor's statement of reasons in response to our remand order addressed every factor codified in N.J.S.A. 2C:43-12(e). We discern no legal

basis to disturb the trial judge's findings and ultimate decision to uphold the prosecutor's rejection of defendant's application for admission into PTI.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2623-15T1