**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0521-17T1

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

MARK A. HIGHSMITH,

    Defendant-Appellant.

_____

Submitted November 8, 2018 - Decided November 29, 2018

Before Judges Koblitz and Mayer.

On appeal from Superior Court of New Jersey, Law Division, Hudson County, Indictment No. 15-08-1186.

Joseph E. Krakora, Public Defender, attorney for appellant (Alyssa A. Aiello, Assistant Deputy Public Defender, of counsel and on the briefs).

Esther Suarez, Hudson County Prosecutor, attorney for respondent (Svjetlana Tesic, Assistant Prosecutor, on the brief).

PER CURIAM

Defendant appeals from an order denying his admission into a pretrial intervention (PTI) program. We reverse and remand for the prosecutor to reconsider defendant's PTI application.

This case involves a city on edge in the days following the July 13, 2014 shooting deaths of a police officer and the man who shot the officer. The two deaths inflamed tensions among city residents, who built a shrine at the location where the man was killed. City police officers were on high alert following the shootings.

The day after the shootings, defendant was in the area of the shrine, meeting friends for drinks. The bar where defendant met his friends was located at the same intersection as the shrine.

Defendant had three different encounters with the police in the early morning hours of July 15, 2014. In the first encounter, defendant was walking with a friend and drinking alcohol from an open container. The two were stopped by the police, asked to produce identification, searched, and then told to go home.

The second encounter between police and defendant occurred near the shrine. According to defendant and his friend, the officers "roughed them up," cursed at them, ordered them to kneel, and forced the two men to watch while

officers desecrated and dismantled the shrine. This encounter with the police was captured on videotape. The videotape shows defendant walking past the shrine over the course of an hour with his friend, two females, and another male. During the course of walking the streets that evening, defendant picked up a fence post with a point from a nearby construction site. Defendant explained he took the fence post to fix a door frame in his home.

The third encounter between defendant and the police occurred around 1:30 in the morning. Video from a surveillance camera showed a police vehicle, traveling in the wrong direction, stop in front of defendant and his friend. Defendant thought the police truck would pass without incident. However, the officers in the truck were the same officers who stopped defendant during the first encounter.

Defendant saw the officer in the passenger seat of the truck holding a gun. According to defendant, he was afraid he would be shot by the officer. As a result, he hurled the fence post at the truck. An officer, struck in the head by the fence post, suffered a cut. The officer then fired two shots through the door of the truck. When he heard the shots, defendant turned and ran from the police. Defendant was shot in the back, thigh, shoulder, and forearm by another officer.

A-0521-17T1

Defendant was taken to the hospital to be treated for his gunshot wounds, and remained hospitalized for eight months.

Defendant was arrested and charged with several offenses, including third-degree aggravated assault with a deadly weapon, N.J.S.A. 2C:12-1(b)(2). Defendant pleaded guilty to that charge.

After his guilty plea, but prior to sentencing, defendant applied for PTI. By order dated December 9, 2016, the PTI judge permitted defendant to apply for PTI out of time.[1]

In a report dated January 10, 2017, the assistant criminal division manager (ACDM) of Hudson County recommended defendant be admitted into the PTI program. In the ACDM's recommendation, she wrote:

> Taking into consideration the defendant's nominal criminal history, the count and degree the defendant is pleading guilty to being in the third degree range, and the leaps and bounds he has made personally and professionally by taking a number of positive steps following his involvement with the present pending offense coupled with the minimal injury the victim suffered as opposed to the overwhelming injury and pain the defendant endured as a result of his actions, this officer respectfully recommends the defendant be afforded the opportunity to participate in the Pretrial

---

[1] On appeal, the State raises a procedural challenge to the timing of defendant's PTI application. Because the issue was not presented to the PTI judge, we decline to address this argument. R. 2:10-2.

4

> Intervention Program and continue on the positive path
> he has begun.

Despite the ACDM's recommendation, the prosecutor denied defendant's admission to PTI. In considering the criteria for enrollment in PTI, the prosecutor reviewed the factors set forth in N.J.S.A. 2C:43-12(e) and Rule 3:28. See also Guidelines for Operation of Pretrial Intervention in New Jersey (Guidelines), Pressler & Verniero, Current N.J. Court Rules, Guideline 3(i) (2017). The prosecutor found several factors weighed against defendant's admission to the program, focusing on the offense, the facts of the case, and the "assaultive and violent nature of [d]efendant's crime." According to the prosecutor, "[c]onsidering the extraordinarily high number of police officers being indiscriminately executed in the line of duty, there is a strong public need for prosecution of this case." Further, the prosecutor explained, "deterring the assault of police officers is a strong victim and societal interest." The prosecutor concluded, "[a]dmission into PTI after such a horrifying assault on public servants would minimize the seriousness of [d]efendant's crime, and perhaps even encourage more assaults."

Defendant appealed the prosecutor's denial of his PTI application. A hearing on defendant's PTI request was held on April 6, 2017. During the hearing, the PTI judge expressed that she might have reached a different

A-0521-17T1

determination regarding defendant's application. However, the PTI judge acknowledged she could not substitute her judgment in reviewing the request. The judge denied the PTI application, finding the prosecutor considered the relevant factors and defendant's rejection from PTI was not a patent and gross abuse of discretion.

Defendant was sentenced on May 18, 2017. A June 6, 2017 judgment of conviction sentenced defendant to probation for two years.

On appeal, defendant raises the following arguments:

POINT I

THE PROSECUTOR'S DECISION TO OVERRIDE THE CRIMINAL DIVISION MANAGER'S RECOMMENDATION IN FAVOR OF ADMITTING HIGHSMITH TO PTI CONSTITUTED A PATENT AND GROSS ABUSE OF DISCRETION.

A. The Prosecutor Committed A Clear Error In Judgment By Refusing To Reconsider Highsmith's Application In Light Of The Documented Account That Highsmith Presented Of The Events Leading Up To The Offense.

B. The Prosecutor Considered Inappropriate Factors.

C. The Prosecutor's Decision Must Be Reversed Because Highsmith's Rejection From PTI Clearly Subverts The Goals Underlying Pretrial Intervention.

A-0521-17T1

D.      Under The Circumstances Of This Case, There Is No Validity To The Prosecutor's Belated Procedural Challenge To Highsmith's PTI Application.

POINT II

IN THE ALTERNATIVE, THE MATTER SHOULD BE REMANDED TO FURTHER ADDRESS HIGHSMITH'S CONFLICT-OF-INTEREST CLAIM.

We afford prosecutors "broad discretion to determine if a defendant should be diverted." State v. K.S., 220 N.J. 190, 199 (2015). Our scope of review is "severely limited[,]" and we address "only the most egregious examples of injustice and unfairness." State v. Negran, 178 N.J. 73, 82 (2003) (internal quotations and citation omitted). A defendant rejected from PTI "must 'clearly and convincingly' show that the decision [to deny admission into PTI] was a 'patent and gross abuse of . . . discretion.'" K.S., 220 N.J. at 200 (citations omitted).

However, "[i]ssues concerning the propriety of the prosecutor's consideration of a particular [PTI] factor are akin to 'questions of law[.]'" State v. Maddocks, 80 N.J. 98, 104 (1979). If a "'prosecutor's decision was arbitrary, irrational, or otherwise an abuse of discretion, but not a patent and gross abuse of discretion,' the reviewing court may remand to the prosecutor for further

consideration." K.S., 220 N.J. at 200 (quoting State v. Dalglish, 86 N.J. 503, 509 (1981)).

A prosecutor must set forth reasons for rejecting a defendant's application for PTI. State v. Nwobu, 139 N.J. 236, 248-49 (1995). A prosecutor "may not simply 'parrot' the language of relevant statutes, rules, and guidelines." Id. at 249 (citations omitted). If "the prosecutor considers inappropriate factors," a remand is proper. K.S., 220 N.J. at 200.

Here, the prosecutor did not consider all relevant factors regarding defendant's PTI application. The prosecutor failed to consider the heightened tensions among the city's residents and the city's police force subsequent to the shooting deaths of a police officer and another individual two days before this incident.

Further, the ACDM expressed support for defendant's PTI application. The ACDM highlighted defendant's completion of various work training programs to improve his job skills subsequent to his arrest. In examining defendant's prior arrest record, the ACDM noted defendant's "nominal criminal history," resulting in only one municipal court conviction. The ACDM believed defendant should "be afforded the opportunity to participate in [PTI] and

A-0521-17T1

continue on the positive path he has begun." The prosecutor did not acknowledge the ACDM's findings in her report.

Having reviewed the record, we cannot determine whether the prosecutor's decision was arbitrary or irrational under the unique circumstances in this case, such that denial of defendant's PTI application constituted a clear error in judgment. Thus, the appropriate remedy is to remand the matter to the prosecutor for further consideration of defendant's PTI application.

On remand, the prosecutor shall follow the Attorney General's supplemental law enforcement directive "Uniform Statewide Procedures and Best Practices for Conducting Police-Use-of-Force Investigations" (Directive) to determine if the prosecutor had a conflict of interest in serving as both the head of the internal affairs unit investigating the officers' use-of-force in this case and simultaneously prosecuting defendant's criminal case. The Directive mandates the county prosecutor, within three days of conducting a use-of-force investigation, to "determine whether any actual or potential conflict of interest exists that might undermine public confidence in the impartiality and independence of the investigation." The county prosecutor "shall report the

results of the comprehensive conflicts inquiry to the Director."[2]  The Directive compels the county prosecutor to update the comprehensive conflicts inquiry so the Director may "determine whether the interests of justice would best be served by . . . taking . . . actions as may be needed to ensure the impartiality and independence of the investigation."

Prior to reviewing defendant's PTI application on remand, based on the Directive now in effect, the prosecutor shall provide the Director with an updated "comprehensive conflicts inquiry" to determine whether the use-of-force investigation in this case requires reassignment of the investigation to another county prosecutor's office, recusal of the person in charge of the investigation, or such other action as may be necessary to safeguard the impartiality of the investigation

Reversed and remanded to the prosecutor for reconsideration of defendant's PTI application consistent with this opinion. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

---

[2]  Pursuant to the Directive, all use-of-force investigations are conducted under the supervision of the Director of the New Jersey Division of Criminal Justice (Director).

A-0521-17T1