**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4298-17T4

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

CYNTHIA NGUYEN,

    Defendant-Appellant.

---

Submitted March 25, 2019 – Decided April 12, 2019

Before Judges Gooden Brown and Rose.

On appeal from Superior Court of New Jersey, Law Division, Monmouth County, Indictment No. 16-10-1737.

Joseph E. Krakora, Public Defender, attorney for appellant (Molly O'Donnell Meng, Assistant Deputy Public Defender, of counsel and on the brief).

Christopher J. Gramiccioni, Monmouth County Prosecutor, attorney for respondent (Monica L. do Outeiro, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Cynthia Nguyen appeals from the trial court's denial of her post-plea motion for admission into the Pretrial Intervention (PTI) program over the prosecutor's objection. We affirm.

The relevant facts are accurately summarized in the trial court's cogent oral decision, as follows:

> [O]n August [7], 2016 Belmar Police were dispatched to the Belmar Marina on 10th Avenue to respond to a vehicle parked in a travel lane. The vehicle was parked facing the wrong direction and [d]ispatch was informed that the driver . . . appeared to be asleep or unconscious.
>
> When police arrived at the scene . . . defendant woke up and immediately fled eastbound in the westbound one-way lane on 10th Avenue. . . . [D]efendant went through a red light, [and] made a left onto Route 35 north. The police activated their overhead lights and siren and followed . . . defendant's vehicle onto Route 35 north for several blocks. . . . [D]efendant ignored several traffic signals and committed multiple motor vehicle violations.
>
> When . . . defendant finally stopped her vehicle she was approached by the pursuing officer with his weapon drawn. . . . [D]efendant ignored the officer's request to put her hands up. She kept her hands on the steering wheel and stared forward. The officer opened the driver's door and removed . . . defendant to place her under arrest. . . . [D]efendant did not place her vehicle in park and it hit the officer's patrol car.

Thereafter, defendant was charged in a Monmouth County indictment with second-degree eluding, N.J.S.A. 2C:29-2(b). In September 2017, she pled

guilty to an amended charge of third-degree eluding. In exchange, the State recommended a two-year probationary sentence and agreed to dismiss all thirteen motor vehicle summonses issued at the time of defendant's arrest. The State "ma[de] no promises" regarding defendant's intention to apply for PTI.

Defendant was thirty-nine years old and unemployed at the time of her application. During the course of her interview with the PTI investigator, defendant acknowledged "she was under the influence of her prescription medication at the time of her arrest" for the present offense. She said she was diagnosed with depression in 2012, hospitalized for two weeks as a result, and thereafter prescribed Adderall and Risperdal. In particular, she claimed she suffered from Post-Traumatic Stress Disorder (PTSD), but "declined to discuss any of the details of her PTSD."

The program director denied defendant's application citing, among other reasons, her "need [for] more intensive supervision than th[e] diversionary program can provide." Specifically, "she would benefit from intensive supervision and counseling." The director noted defendant "appeared to be having some type of psychological episode as described in the police report" when she committed the present offense. The director also stated defendant failed to appear in court for the present offense, and was apprehended only after

3

she was involved in an incident on a public bus, in which she threatened another passenger with a screwdriver.

In a two-page memorandum, the prosecutor adopted the director's findings, and summarized his reasons for likewise denying defendant's admission into the program. In doing so, the prosecutor cited six of the seventeen applicable factors set forth in N.J.S.A. 2C:43-12(e).

Initially, the prosecutor cited the "nature of the offense," N.J.S.A. 2C:43-12(e)(1), and the "facts of the case," N.J.S.A. 2C:43-12(e)(2), noting the danger defendant posed "to herself and anyone else who happened to be in her path" when eluding police. Secondly, the prosecutor cited the "motivation and age of the defendant," N.J.S.A. 2C:43-12(e)(3), specifying that defendant had failed to appear in court while released on bail for the present offense, which did "not inspire confidence that PTI w[ould] be sufficient supervision . . . ."

Next, the prosecutor quoted the "existence of personal problems and character traits which may be related to the applicant's crime and for which services are unavailable within the criminal justice system, or which may be provided more effectively through supervisory treatment and the probability that the causes of criminal behavior can be controlled by proper treatment." N.J.S.A. 2C:43-12(e)(5) (factor five). In citing factor five, the prosecutor reiterated the

A-4298-17T4

director's concern that "[d]efendant has mental health issues that are currently under[]addressed."

The prosecutor also cited the "extent to which the applicant's crime constitutes part of a continuing pattern of anti-social behavior." N.J.S.A. 2C:43-12(e)(8) (factor eight). Although the prosecutor acknowledged the remoteness of defendant's six prior theft offenses, which were committed in the late 1990s, he noted "the volume of [the offenses] demonstrate[d] that the present offense is not an aberration." The prosecutor also referenced two arrests by the U.S. Park Police in 2012 and 2013 that remained "open" at the time of her application.

Finally, the prosecutor cited N.J.S.A. 2C:43-12(e)(14), i.e. "[w]hether or not the crime is of such a nature that the value of supervisory treatment would be outweighed by the public need for prosecution." The prosecutor found "the value of supervisory treatment is manifest."

In mitigation, the prosecutor considered "[d]efendant's tragic personal history as reported by her" and "her college credits." On balance, however, the prosecutor determined the factors weighed against her admission into the PTI program.

Defendant appealed to the Law Division, primarily contending the prosecutor denied her application based on a consideration of irrelevant factors.

Pertinent to this appeal, defendant argued the prosecutor improperly considered factors five and eight. Specifically, defendant claimed her prior theft offenses, for which she completed unsupervised probation in 1999, were remote. She also contended the Park Police charges had been dismissed. Defendant further argued the prosecutor's rejection "based upon her current mental health issues was a patent and gross abuse of discretion and a clear error in judgment." She claimed she had "completed substance abuse and psychological evaluations" and "[was] complying with what ha[d] been asked of her."

The trial court upheld the prosecutor's decision to reject defendant's PTI application. In rendering its decision, the court recognized its very limited scope of review. See State v. Roseman, 221 N.J. 611, 624-25 (2015). Correctly citing the legal standards, the court noted it lacked the authority in PTI matters to substitute its own discretion for that of the prosecutor, even if it disagreed with the prosecutor's decision. See State v. Nwobu, 139 N.J. 236, 253 (1995). The court recognized it could reverse a prosecutor's PTI denial only if a defendant clearly and convincingly demonstrated that the denial represents "a patent and gross abuse of discretion." State v. Wallace, 146 N.J. 576, 582 (1996) (citations omitted).

A-4298-17T4

Citing Nwobu, the court reiterated that to establish a patent and gross abuse of discretion, a defendant must demonstrate "the prosecutor's decision was not premised upon a consideration of all relevant factors, was based upon a consideration of irrelevant or inappropriate factors, or amounted to a clear error in judgment." 139 N.J at 247 (citation omitted); see also Roseman, 221 N.J. at 625. Importantly, the trial court understood that a patent and gross abuse of discretion also required that the "[c]ourt must additionally find that the prosecutorial error complained of will clearly subvert the goals underlying [PTI]." See State v. Bender, 80 N.J. 84, 93 (1979).

Applying these well-established standards, the trial court initially agreed with defendant that the Park Police charges should not have been considered by the prosecutor in finding factor eight because no formal disposition was available for those offenses. Nonetheless, the court recognized that in finding defendant exhibited a pattern of anti-social behavior, the prosecutor also cited defendant's six theft offenses from the mid-1990s.

Addressing defendant's challenge to the prosecutor's assessment of factor five, the court noted the State did not dispute that defendant completed substance abuse and mental health evaluations. Rather, the court recognized the

prosecutor determined defendant's "refusal to discuss her PTSD with the PTI investigator" suggested her mental health issues were under addressed.

The court also considered defendant's explanation that she eluded police "reactively and not deliberately." The court found, however, that "defendant still fled the scene with reckless disregard for her safety and the safety of others." Ultimately, the court determined the prosecutor's rejection was not a patent and gross abuse of discretion, nor was it arbitrary, capricious or unreasonable. Accordingly, the court denied defendant's appeal.

Having been sentenced by the trial court to a probationary term of two years, consistent with her plea agreement, defendant now solely appeals the trial court's PTI ruling. She raises the following point for our consideration:

> POINT I
>
> THE PROSECUTOR'S DECISION TO REJECT [DEFENDANT]'S PTI APPLICATION CONSTITUTED A PATENT AND GROSS ABUSE OF DISCRETION.
>
> A. The Prosecutor Inappropriately Considered Irrelevant Factors in Rejecting [Defendant]'s Application.
>
> B. The Prosecutor's Decision Amounted To A Clear Error In Judg[]ment And Subverted The Goals of PTI.

In particular, defendant claims "[t]he prosecutor's handling of . . . PTI factors [five and eight] constituted an abuse of discretion because he inappropriately considered [defendant]'s misdemeanor convictions from the 1990s, two U.S. Park Police arrests, and her mental health problems as reasons for rejection." She seeks reversal of the court's order denying her PTI application. In the alternative, defendant contends a remand is necessary for the prosecutor to further consider her application. Based on our review of the record and applicable law, we find her arguments unpersuasive.

We apply the same standard of review as the trial court, and review the court's decision de novo. State v. Waters, 439 N.J. Super. 215, 226 (App. Div. 2015). Guided by our "severely limited" review, State v. Negran, 178 N.J. 73, 82 (2003), we determine the prosecutor cogently articulated several reasons for denying PTI, and his consideration of irrelevant factors does not warrant a reversal or a remand.

Regarding factor eight, we agree with the trial court that the prosecutor improperly considered defendant's two "open" Park Police charges because defendant's criminal history report indicates there is "no disposition available" for both charges, and defendant maintains they were dismissed. See State v. K.S., 220 N.J. 190, 199 (2015) (holding a PTI applicant's "prior dismissed

charges may not be considered for any purpose" where the facts related to the arrest are in dispute, or have not been determined after a hearing).

Arguably, if the Park Police charges were the only basis for the prosecutor's finding of factor eight, we might consider remanding the matter for the prosecutor to reconsider defendant's application after determining the disposition of those charges. Here, however, the prosecutor also considered the "volume" of defendant's prior theft offenses, even though he recognized they were committed more than twenty years before commission of the present offense.

Defendant claims her prior theft offenses were so remote they "cannot constitute a 'continuing pattern' of anti-social behavior." To support her argument, defendant cites our Supreme Court's decision in Negran. Defendant's argument is misplaced.

In Negran, the prosecutor rejected the defendant's PTI application for a third-degree eluding offense, because his "driving infractions spanned a period of seventeen years, and ten years had elapsed since [the] defendant's last motor vehicle offense." 178 N.J. at 79. Further, the defendant's "prior [driving while intoxicated conviction] had occurred more than thirteen years before" his PTI

application.  Ibid.  The Court thus determined the prosecutor improperly relied on defendant's remote motor vehicle violations.  Id. at 85.

Unlike the present matter, however, the defendant in Negran had "voluntar[ily] participat[ed] in recent intensive and ongoing alcohol dependency rehabilitation, . . . [and] had never been convicted of . . . any disorderly persons offense[s.]"  Id. at 79.  Also unlike the present matter, the issue in Negran was the remoteness of motor vehicle violations.  Id. at 85.  The Court did not consider the remoteness of multiple prior misdemeanor or disorderly persons offenses.  Accordingly, defendant has not demonstrated the prosecutor inappropriately considered factor eight in rejecting her application here.

Nor do we discern any error in the prosecutor's consideration of defendant's mental health issues in finding factor five.  See K.S., 220 N.J. at 202 ("Because mental health issues impact [a PTI] assessment, the prosecutor is required to consider a defendant's mental illness.").  Despite defendant's efforts to treat her PTSD medically, defendant candidly acknowledged the commission of the present offense occurred while "she was under the influence of her prescription medication[,]" yet she was reluctant to discuss her PTSD condition.  Under these circumstances, defendant's ongoing mental health issues present

challenges that are best addressed under the umbrella of probation's supervisory services and not the limited services provided by the PTI program.

We therefore conclude, as the trial court found, defendant failed to sustain her "heavy burden" of demonstrating the prosecutor's rejection of her PTI application was a patent and gross abuse of discretion. Even if the prosecutor inappropriately considered factors five and eight, defendant did not demonstrate the denial "clearly subvert[ed] the goals underlying [PTI]." Bender, 80 N.J. at 93. Defendant failed to make such a showing and failed to demonstrate that a remand is required because the denial was "arbitrary, irrational, or otherwise an abuse of discretion." Wallace, 146 N.J. at 583 (citation omitted). Moreover, a remand would serve no useful purpose, ibid., where, as here the prosecutor's consideration of all other factors is amply supported by the evidence in the record.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION