**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5096-17T1

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

WILLIAM S. BING,

     Defendant-Appellant.

_____

Submitted September 10, 2019 – Decided September 16, 2019

Before Judges Fisher and Gilson.

On appeal from the Superior Court of New Jersey, Law Division, Essex County, Indictment No. 17-02-0328.

Joseph E. Krakora, Public Defender, attorney for appellant (Lauren Stephanie Michaels, Assistant Deputy Public Defender, of counsel and on the brief).

Theodore N. Stephens, II, Acting Essex County Prosecutor, attorney for respondent (Caroline C. Galda, Special Deputy Attorney General/Acting Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant appeals the denial of his pretrial intervention (PTI) application. Finding no ground that would permit judicial intervention into that prosecutorial determination, we affirm.

Defendant was indicted and charged with: third-degree possession of heroin, a controlled dangerous substance (CDS); third-degree CDS possession with the intent to distribute; third-degree CDS possession with the intent to distribute on or within 1000 feet of school property; second-degree CDS possession with the intent to distribute within 500 feet of public property; and fourth-degree resisting arrest by flight. In applying for PTI, defendant urged the fact that he had no prior convictions, as well as other mitigating circumstances. The prosecutor considered all those circumstances, as well as other aggravating circumstances, in ultimately adhering to the PTI program director's recommendation that the facts and circumstances relating to the second-degree charge warranted rejection.

In moving for relief in the trial court, defendant argued that the prosecutor placed undue reliance on his prior record, particularly the fact that he was once charged with conspiring to commit murder – for which he was acquitted – and other arrests, all of which resulted in dismissal. In her oral decision, however, the judge correctly observed that the prosecutor did not determine that

A-5096-17T1

defendant's prior arrests and charges weighed against PTI admission; instead the judge concluded that the facts and nature of this case, the needs and interests of society, the need for prosecution, and the harm that would result from abandoning prosecution, provided ample grounds for outweighing the mitigating factors and warranted a denial of admission to PTI. Defendant later pleaded guilty to third-degree CDS possession within 1000 feet of school property and was sentenced to a three-year probationary term.

In appealing the denial of PTI admission, defendant argues only that "the prosecutor's rejection . . . [was] a patent and gross abuse of discretion that clearly subverted the goals underlying PTI" that, he claims, must be "corrected by this court." We disagree.

Because the decision to grant or deny PTI is "a quintessentially prosecutorial function," State v. Wallace, 146 N.J. 576, 582 (1996), our courts give prosecutors in such matters "a great deal of deference," State v. Roseman, 221 N.J. 611, 624 (2015), and only intervene when the circumstances "clearly and convincingly establish that the prosecutor's refusal to sanction admission into the program was based on a patent and gross abuse of . . . discretion," id. at 624-25 (quoting State v. Leonardis, 73 N.J. 360, 382 (1977)). Such an abuse of discretion may be found only when it is manifest that the prosecutorial decision:

"(a) was not premised upon a consideration of all relevant factors, (b) was based upon a consideration of irrelevant or inappropriate factors, or (c) amounted to a clear error in judgment." Id. at 625 (quoting State v. Bender, 80 N.J. 84, 93 (1979)).

Defendant's only colorable argument lies with his contention that the prosecutor relied on his prior arrests and that such reliance was improper because all those charges either resulted in acquittals or dismissals. See State v. K.S., 220 N.J. 190, 202 (2015). But, as the judge correctly recognized, the prosecutor's decision was not based on those events.[1] After closely examining the record, we affirm substantially for the reasons set forth by Judge Siobhan A. Teare in her oral decision. We have already delineated the factors that weighed against PTI admission. The prosecutor also properly considered, as the judge observed, that other factors – such as the lack of prior convictions, defendant's age and motivation, his lack of involvement with gangs or organized crime, and an absence of co-defendants – weighed in favor of admission. Ultimately, the judge properly concluded that the prosecutor's weighing of these competing

---

[1] It is true that those circumstances were recounted in the prosecutor's written explanation, but only as part of "the narrative of defendant's background" and not as support for an aggravating factor. In fact, the prosecutor recognized that defendant had no prior convictions and viewed the absence of prior convictions as mitigating in favor of PTI admission.

A-5096-17T1

factors did not produce a result that "amounted to a clear error in judgment."

We agree.

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

A-5096-17T1