# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3798-19

STATE OF NEW JERSEY,

      Plaintiff-Respondent,

v.

R.E.C.,[1]

      Defendant-Appellant.

_____

Argued January 3, 2022 – Decided January 21, 2022

Before Judges Accurso and Rose.

On appeal from the Superior Court of New Jersey, Law Division, Burlington County, Indictment No. 18-07-0303.

Robin Kay Lord argued the cause for appellant.

Jennifer B. Paszkiewicz, Assistant Prosecutor, argued the cause for respondent (Scott A. Coffina, Burlington County Prosecutor, attorney; Jennifer B. Paszkiewicz, of counsel and on the brief).

---

[1] We use initials to protect the privacy of the victim, R. 1:38-3(c)(9); N.J.S.A. 2A:82-46, and to protect the confidentiality of records related to applications for enrollment in the pretrial intervention program, R. 1:38-3(c)(5).

PER CURIAM

After the trial court denied her motion for admission into the pretrial intervention (PTI) program, defendant R.E.C. pled guilty to third-degree child endangerment and was sentenced to a noncustodial probationary term. She now appeals from a June 2, 2020 judgment of conviction. Because defendant failed to demonstrate the prosecutor's rejection of her PTI application represented a patent and gross abuse of discretion, see State v. Roseman, 221 N.J. 611, 624-25 (2015), we affirm.

Evicted from his uncle's home at age fifteen, L.H. began living with defendant, a forty-two-year-old educator, who worked at his former grade school. Defendant became L.H.'s legal guardian; they developed a close relationship; and within a few months, defendant engaged L.H. in various sexual acts that lasted the better part of a year. Two months after the abuse ended, L.H. disclosed defendant's misconduct to the authorities. L.H. said they engaged in sexual relations every day when he was between the ages of fifteen and sixteen. L.H. was afraid defendant would evict him if he attempted to end their sexual relationship. His text message exchanges with defendant – whom L.H. called, "Mom," – detailed their sexual acts. In May 2017, defendant was charged in a two-count complaint-warrant with second-degree sexual assault, N.J.S.A.

2C:14-2(c)(4), and second-degree endangering the welfare of a child, N.J.S.A. 2C:24-4(a)(1).

On May 18, 2018, following a pre-indictment conference, the assistant prosecutor assigned to the matter sent the following email to defense counsel:

> We have since spoken to the victim and he provided us with his thoughts. Without getting into specifics, he is cooperative but he also candidly acknowledged all the positive things that [defendant] did for him. In that regard, he feels sympathies towards her current situation. Considering his wishes and in an effort to resolve this matter pre-indictment, I would be willing to consider admittance into PTI. I would be willing to discuss any terms of PTI, however, <u>one condition would have to be the forfeiture of her teaching credentials.</u> I know that is a big part of her life but I think you would agree that there is a very good chance of revocation administratively on the merits. All of this can be wrapped up and everyone can have closure if your client has an interest in achieving that result. I believe th[e] matter is scheduled for [grand jury] the end of this month . . . . At your convenience, please review with your client and let me know if this pre-indictment proposal is acceptable.
>
> [(Emphasis added).]

Unwilling to relinquish her teaching credentials, defendant did not apply for PTI prior to indictment. In July 2018, defendant was charged in an eight-count Burlington County indictment with two counts each of: first-degree aggravated sexual assault, N.J.S.A. 2C:14-2(a)(2)(c); second-degree sexual

3

assault, N.J.S.A. 2C:14-2(c)(4); second-degree sexual assault, N.J.S.A. 2C:14-2(c)(3)(a); and second-degree endangering the welfare of a child, N.J.S.A. 2C:24-4(a)(1).

About six months later, on January 2, 2019, defendant applied for PTI, but her application was rejected by the criminal division manager as incomplete for failure to file a statement of compelling reasons in view of her first- and second-degree charges. See R. 3:28-3(b)(1) (requiring "a statement of the extraordinary and compelling circumstances that justify consideration of the application notwithstanding the presumption of ineligibility based on the nature of the crime charged"); see also R. 3:28-1(d)(1) (mandating the prosecutor's consent for crimes that carry a presumption of incarceration); N.J.S.A. 2C:44-1(d) (generally requiring imprisonment for first- and second-degree offenses).

Defendant thereafter submitted a two-sentence letter, stating she was forty-five years old, had no prior criminal record, was the mother of an adult daughter, and had "a long-standing work history." She later submitted a supplemental letter, expounding upon her compelling circumstances. Emphasizing her life-long dedication to elementary education, defendant claimed giving up teaching was "the hardest decision she has ever had to make," and she would "do everything in her power to put this isolated incident behind

4

her so that she can move forward with her life with her family." Defendant provided letters attesting to her good character from her mother, sister-in-law, and the mother of a former student.

Upon reviewing defendant's application, the assistant prosecutor designated by the Burlington County Prosecutor as PTI director, rejected the compelling reasons defendant raised in support of her application and concluded she failed to overcome the presumption against enrollment. Defendant appealed her rejection to the Law Division. Citing the pre-indictment prosecutor's May 18, 2018 email, defendant argued the prosecutor failed to consider her individual characteristics and amenability to rehabilitation.

Finding the director might not have been aware of the pre-indictment negotiations between her colleague and defense counsel, the court was not convinced the State had considered all relevant factors. The court therefore remanded the matter only for the director to consider those negotiations and the victim's position on PTI. See State v. Johnson, 238 N.J. 119, 129 (2019) (reiterating a remand is appropriate where, for example, the prosecutor failed to consider all relevant factors).

On June 6, 2019, the director issued an amplified rejection letter, specifically addressing the issues raised by defendant. Noting defendant failed

to accept the pre-indictment offer, the director found: "Whatever sympathy the victim may have had for defendant's position in pre-indictment discussions a year ago d[id] not render defendant's background idiosyncratic or unusual." Referencing a February 13, 2019 letter[2] from the pre-indictment prosecutor to defense counsel, the director further stated "the ultimate decision regarding PTI was not his to make." The director also confirmed she had "thoroughly reviewed the compelling reasons statements and character letters submitted by defendant in support of her PTI application." Citing our Supreme Court's decision in State v. Nwobu, 139 N.J. 236, 252 (1995), the director concluded defendant failed to "demonstrate something extraordinary or unusual, something idiosyncratic in [her] background."

The trial court denied defendant's ensuing appeal in a cogent written decision. Citing the governing law, the court distinguished defendant's failure to accept the State's pre-indictment offer from the prosecutor's revocation of a colleague's PTI offer to the defendant in State v. Davis, 244 N.J. Super. 180, 193-94 (App. Div. 1990) (holding a change in prosecutors did not negate an offer by the initial prosecutor, who gave assurances that the defendant would be

---

[2] The letter was not included in the record on appeal, but defendant does not dispute its contents.

admitted to PTI). The court acknowledged defendant's statement of compelling reasons and character letters, but found she failed to demonstrate her reasons were extraordinary or unusual under Nwobu. Finding the prosecutor's rejection of defendant's PTI application did not go "so wide of the mark sought to be accomplished by PTI," State v. Wallace, 146 N.J. 576, 583 (1996), the court concluded defendant did not clearly and convincingly establish a patent and gross abuse of the prosecutor's discretion.

Following her guilty plea to an amended charge of third-degree endangering the welfare of a child by non-sexual conduct, N.J.S.A. 2C:24-4(a)(2), defendant was sentenced to a one-year term of probation. The court imposed various conditions, including: forfeiture of public employment and all teaching certificates; no contact with L.H.; and an evaluation by a psychologist. Because defendant did not admit to any wrongdoing of a sexual nature, her conviction did not require registration under Megan's Law. This appeal followed.

On appeal, defendant raises the following points for our consideration:

POINT I

THE TRIAL COURT ERRED IN FINDING THAT THE STATE'S REJECTION OF [DEFENDANT]'S APPLICATION FOR THE [PTI] PROGRAM WAS NOT A PATENT AND GROSS ABUSE OF

7

DISCRETION OR A CLEAR ERROR IN JUDGMENT.

POINT II

THE STATE ARBITRARILY AND CAPRICIOUSLY REFUSED TO CONSENT TO CONSIDERATION OF [DEFENDANT]'S PTI APPLICATION.

More particularly, defendant maintains the State improperly withdrew its consent to her application post-indictment, when the circumstances underscoring defendant's amenability to rehabilitation had not changed and the victim continued to support diversion. Defendant also argues the State's cursory rejection letter failed to include a consideration of her compelling reasons pursuant to the relevant factors set forth in N.J.S.A. 2C:43-12(e), and gave undue weight to the nature of the offense.[3]

Having reviewed the record in view of the governing law and our "severely limited" scope of review, State v. Negran, 178 N.J. 73, 82 (2003), we conclude, as did the trial court, the director's decision was not a patent and gross abuse of discretion or "so wide of the mark sought to be accomplished by PTI," Wallace, 146 N.J. at 583, that would otherwise require our intervention. See

---

[3] As part of her appendix on appeal, defendant included three character letters and a psychological evaluation that were submitted to the sentencing court, but not presented to the PTI court. As such, these materials are inappropriate for consideration on appeal. See Zaman v. Felton, 219 N.J. 199, 226-27 (2014).

A-3798-19

State v. K.S., 220 N.J. 190, 199 (2015) (recognizing courts afford prosecutors "broad discretion" in determining whether to divert a defendant to PTI). Instead, the director on remand considered the relevant factors and determined defendant failed to sustain her burden of demonstrating compelling reasons for PTI. We affirm primarily for the reasons stated by the trial court, adding the following comments.

Although the trial court did not specifically address the prosecutor's consideration of L.H.'s consent to diversion, we are persuaded the director reasonably rejected the "victim's sympathies toward defendant." As the State correctly notes, the victim's position on PTI admission should be considered, R. 3:28-4(c), but "it is not dispositive," RSI Bank v. Providence Mut. Fire Ins. Co., 234 N.J. 459, 476 (2018). The victim's position is particularly precarious in this case, where defendant was L.H.'s legal guardian and mother-figure, who betrayed his trust and breached her duty of care. Indeed, L.H. feared ending their sexual relationship would subject him to eviction by yet another caregiver. It is thus not surprising that the director found the victim's sympathy for defendant did not give rise to anything extraordinary, unusual, or idiosyncratic about defendant's background.

Nor are we persuaded that the director failed to consider defendant's amenability to rehabilitation. Rather, after fully reviewing defendant's statement of compelling reasons, including her educational background, employment history, and post-arrest enrollment in college, the director was not persuaded defendant had overcome the presumption against admission to PTI. The record supports the director's assessment. Indeed, defendant's statement of reasons focused not on remorse or concern for L.H., but rather on the difficulty she faced in relinquishing her teaching career and her goal of "moving forward" from "this isolated incident." Daily sexual relations with one's teenage ward hardly can be considered an "isolated incident."

We hasten to add, as defendant correctly states, the director's rejection letter failed to cite the factors set forth in N.J.S.A. 2C:43-12(e).[4] And we are

---

[4] "N.J.S.A. 2C:43-12(e) sets forth a list of seventeen nonexclusive factors that prosecutors must consider in connection with a PTI application." Johnson, 238 N.J. at 128; see also R. 3:28-4 (incorporating these factors and providing for the consideration of certain additional factors, including the victim's position under paragraph (c)). Further, effective July 1, 2018, "following changes to Rule 3:28," the PTI "Guidelines were eliminated. Now, many of their prescriptions – with significant variations – are contained in Rules 3:28-1 to -10." Johnson, 238 N.J. at 128. Although defendant filed her PTI application after the rule change, the parties' briefs reference the Guidelines. We nonetheless find no reason to remand because the reasons cited in the court's decision, the record provided, and the parties' arguments permit us to consider the issues raised on appeal.

not persuaded by the State's contention that the prosecutor need not "formally" consider these factors "unless the State first finds compelling reasons overcoming the presumption against enrollment." Notably, the State cites no authority for its position, and we are aware of none. The State's review of a defendant's statement of compelling reasons should include an assessment of the factors set forth in Rule 3:28-4 and N.J.S.A. 2C:43-12(e), and its written decision should reference those factors. As noted, however, in this case we are satisfied the director considered the applicable factors, and defendant failed to demonstrate compelling reasons for PTI.

To the extent not addressed, defendant's remaining contentions lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3798-19