**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0982-20

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

 ROBERT DORAN,

     Defendant-Appellant.

_____

          Argued February 14, 2022 – Decided March 2, 2022

          On appeal from the Superior Court of New Jersey, Law
          Division, Middlesex County, Indictment No. 20-02-
          0204.

          Mitchell J. Ansell argued the cause for appellant
          (Ansell Grimm & Aaron, PC, attorneys; Mitchell J.
          Ansell, of counsel and on the brief).

          David M. Liston, Assistant Prosecutor, argued the
          cause for respondent (Yolanda Ciccone, Middlesex
          County Prosecutor, attorney; David M. Liston, of
          counsel and on the brief).

PER CURIAM

Defendant Robert Doran appeals from a June 23, 2020 Law Division order denying his motion for admission into a pretrial intervention (PTI) program after being rejected by the Middlesex County Prosecutor's Office (MCPO). We affirm.

The facts are taken from the motion record. Angel Velez, Jr. parked his car at the Cheesequake Service area on the Garden State Parkway. Velez scanned the parking lot "as if he was trying to locate someone." Defendant, driving a pickup truck, entered the parking lot and parked his truck next to Velez's car. Defendant got out of his truck holding a weighed down, tan colored duffle bag, opened the rear door of Velez's car, and placed the bag inside the car. Velez handed cash to defendant.

Two New Jersey State Police troopers on routine surveillance observed the transaction and approached the two vehicles. When Velez rolled down the window of his car, the troopers "immediately detected a strong odor of raw marijuana emanating from the interior." Velez told the officers he had a medical marijuana card and just purchased $700 worth of marijuana from defendant. The troopers arrested Velez and seized the duffle bag. Inside the bag were four vacuum-sealed, clear plastic bags. Each plastic bag contained over three ounces

A-0982-20

of marijuana vegetation.[1]  The plastic bags were unlabeled and "not consistent with dispensary packaging."

The troopers also smelled marijuana coming from defendant's truck. When the troopers asked if defendant was a medical marijuana patient, he responded in the negative.  However, defendant told the troopers he was "a partner in a marijuana farm in Colorado, and a hemp farm in upstate New York." Defendant denied receiving money from Velez.  After arresting defendant, with defendant's consent, the troopers search his person and truck and found almost $10,000 in cash.

Defendant was charged with third-degree conspiracy, N.J.S.A. 2C:5-2; third-degree distribution of a controlled dangerous substance, N.J.S.A. 2C:35-5(a)(1) and (b)(11); and third-degree financial facilitation of criminal activity, N.J.S.A. 2C:21-25(a) and (b).

Defendant applied to the PTI Unit manager at the Middlesex County Courthouse, requesting admission into the PTI program.  On May 4, 2020, the

---

[1]  The recent legislation decriminalizing the recreational use of less than one ounce of marijuana was not in effect on the date of defendant's arrest.  See New Jersey Cannabis Regulatory, Enforcement Assistance, and Marketplace Modernization Act (CREAMMA), N.J.S.A. 24:6I-31 to -56. Moreover, defendant's sale and distribution of nearly one pound of marijuana remains a criminal activity notwithstanding CREAMMA.  See N.J.S.A. 2C:35-5(a)(1) and (b)(12).

A-0982-20

manager recommended defendant's admission to PTI. The MCPO disagreed with the manager's recommendation and, in a May 12, 2020 letter, rejected defendant's application for admission to PTI.

In a detailed, five-page, single spaced letter, the MCPO considered all seventeen factors under N.J.S.A. 2C:43-12(e) in evaluating defendant's request for admission to PTI. The MCPO determined the following factors weighed against defendant's admission into the PTI program: nature of the offense and facts of the case, N.J.S.A. 2C:43-12(e)(1)-(2); desire of the State to pursue prosecution, N.J.S.A. 2C:43-12(e)(4); lack of personal problems and character traits related to the crime, 2C:43-12(e)(5); lack of likelihood defendant's crime is related to a condition conducive to change through participation in supervisory programs, 2C:43-12(e)(6); the interests of society, 2C:43-12(e)(7); absence of any demonstration that prosecution would exacerbate the problem leading to defendant's criminal act, N.J.S.A. 2C:43-12(e)(11); the crime is of such nature that the public need for protection outweighs any proposed treatment, N.J.S.A. 2C:43-12(e)(14); the interests of the case are best served through prosecution rather than diversion, N.J.S.A. 2C:43-12(e)(15); participation in PTI may adversely affect prosecution of the co-defendant, N.J.S.A. 2C:43-12(e)(16); and the societal harm outweighs the diversionary

4

interest, N.J.S.A. 2C:43-12(e)(17). The MCPO thoroughly explained why each of the seventeen factors weighed either in favor of or against defendant's admission to PTI.

The MCPO concluded that eleven of the seventeen factors weighed against defendant's admission to PTI. The MCPO emphasized defendant sold a significant amount of marijuana knowing it was illegal to do so in New Jersey.[2] The MCPO determined there was no benefit to society by abandoning prosecution given defendant acknowledged his sale of marijuana in New Jersey was illegal and the possibility defendant would continue selling marijuana in New Jersey absent prosecution. Further, defendant's selling a significant quantity of marijuana circumvented the strict registration requirements and regulations governing the lawful sale of marijuana in this State. In rejecting defendant's application for admission to PTI, the MCPO concluded "[a]ny potential benefit to the [d]efendant from acceptance into the PTI program would be far outweighed by the harmful message sent to society that such offenses . . . merit a diversionary program."

---

[2] Despite his legal involvement with marijuana production and distribution in Colorado, defendant acknowledged traveling to New Jersey to sell marijuana was illegal.

A-0982-20

Defendant appealed the MCPO's decision to the Superior Court, Law Division. After conducting a hearing, Judge Benjamin S. Bucca, Jr. denied defendant's appeal and upheld the MCPO's rejection of defendant's PTI application. In a thoughtful oral decision following the hearing, Judge Bucca acknowledged the decision was "a very close call as to whether to overrule the [MCPO] in their decision." After reviewing the factors governing admission into a PTI program, the judge stated, "it really just rises and falls with the evaluation of the seriousness of the offense . . . possession with intent to distribute [approximately one pound of marijuana]." While Judge Bucca noted he might have "a different viewpoint on the whole issue," he could not "find that the [MCPO] considered irrelevant factors, or [the decision] amounts to a clear error of judgment. This is just one situation where reasonable minds can disagree . . . ." The judge explained defendant brought

> marijuana across . . . the State line, . . . selling it in New Jersey, and having a significant amount of cash on him, at that time, that it gives rise to a seriousness of a possession with intent to distribute, if not an outright distribution charge, that where admitting an individual into pretrial intervention would not send the right message to . . . others in the community[] and would not be in the interest of the criminal justice system.

Based on these findings, Judge Bucca concluded the MCPO's denial of defendant's application for admission to PTI was "fair and reasonable." He also

6

held the MCPO's decision "was premised upon a consideration of all of the relevant factors and did not include any irrelevant or inappropriate factor." In denying the application, Judge Bucca concluded defendant's rejection from PTI was not a patent and gross abuse of discretion by the MCPO.

After being denied admission to PTI, defendant pleaded guilty to distribution of a controlled dangerous substance. In accordance with a negotiated plea agreement, the State recommended a noncustodial sentence and dismissal of all remaining charges in exchange for defendant's guilty plea. As part of his plea, defendant preserved the right to appeal his PTI rejection. Defendant was sentenced in a November 9, 2020 judgment of conviction to a two-year term of probation in accordance with the plea agreement.

On appeal, defendant raises the following arguments:

POINT I

THE DECISION OF THE PROSECUTOR TO OVERRULE THE PRE-TRIAL INTERVENTION PROGRAM DIRECTOR AND DENY DEFENDANT ADMISSION INTO THE PTI PROGRAM CONSTITUTED A PATENT AND GROSS ABUSE OF DISCRETION.

POINT II

THE [TRIAL] COURT ERRED IN DECIDING TO DENY THE DEFENDANT INTO THE PTI PROGRAM.

A-0982-20

Defendant argues denial of his admission into the PTI program was a patent and gross abuse of prosecutorial discretion. He asserts his age, full-time employment, lack of any prior indictable or disorderly persons offenses, cooperation with the police and probation departments, acceptance of full responsibility for his crime, and charitable activities support his admission to PTI. According to defendant, these factors weigh in favor of his application and the judge erred in deny his admission to PTI. We disagree.

Our review of an appeal from denial of PTI is limited. State v. Negran, 178 N.J. 73, 82 (2003). We apply the same de novo standard of review of a prosecutor's rejection of a PTI application as the trial court. State v. Waters, 439 N.J. Super. 215, 226 (App. Div. 2015). If a prosecutor's decision demonstrates consideration of all appropriate factors, it will not be disturbed absent a showing that it was a patent and gross abuse of discretion. State v. K.S., 220 N.J. 190, 200 (2015). We afford prosecutors "broad discretion to determine if a defendant should be diverted." Id. at 199. We address "only the 'most egregious examples of injustice and unfairness'" in reviewing a denial of PTI. Negran, 178 N.J. at 82 (quoting State v. Leonardis, 73 N.J. 360, 384 (1977)). A defendant rejected from PTI "must 'clearly and convincingly' show that the decision [to deny admission into PTI] was a 'patent and gross abuse of

A-0982-20

. . . discretion.'" K.S., 220 N.J. at 200 (quoting State v. Wallace, 146 N.J. 576, 582 (1996)).

A "[d]efendant generally has a heavy burden when seeking to overcome a prosecutorial denial of his [or her] admission into PTI." State v. Watkins, 193 N.J. 507, 520 (2008). The decision whether to admit a defendant to a PTI program is "'primarily individualistic in nature' and a prosecutor must consider an individual defendant's features that bear on his or her amenability to rehabilitation." State v. Nwobu, 139 N.J. 236, 255 (1995) (quoting State v. Sutton, 80 N.J. 110, 119 (1979)).

To establish an abuse of prosecutorial discretion, a defendant must demonstrate

> that a prosecutorial veto (a) was not premised upon a consideration of all relevant factors, (b) was based upon a consideration of irrelevant or inappropriate factors, or (c) amounted to a clear error in judgment[.] In order for such an abuse of discretion to rise to the level of 'patent and gross,' it must further be shown that the prosecutorial error complained of will clearly subvert the goals underlying [PTI].
>
> [State v. Roseman, 221 N.J. 611, 625 (2015) (quoting State v. Bender, 80 N.J. 84, 93 (1979)).]

"A patent and gross abuse of discretion is defined as a decision that 'has gone so wide of the mark sought to be accomplished by PTI that fundamental fairness

9

and justice require judicial intervention.'" Watkins, 193 N.J. at 520 (quoting Wallace, 146 N.J. at 582-83). "The question is not whether we agree or disagree with the prosecutor's decision, but whether the prosecutor's decision could not have been reasonably made upon weighing the relevant factors." Nwobu, 139 N.J. at 254.

Applying these standards, we discern no abuse of discretion in the MCPO's denial of defendant's application, much less one that is "patent and gross." Although this was defendant's first criminal charge, "the interests of society may justify the denial of an application for admission into PTI even though a defendant has led an exemplary life except for the conduct which forms the basis of the pending criminal charges." State v. Seyler, 323 N.J. Super. 360, 370 (App. Div. 1999), aff'd o.b., 163 N.J. 69 (2000). Simply being "a first-time offender" who "admitted or accepted responsibility for the crime" is not enough. Waters, 439 N.J. Super. at 227 (quoting Nwobu, 139 N.J. at 252).

Here, the record fully supports the MCPO's denial of defendant's application based on its finding defendant transported a large quantity of marijuana across state lines and then purposely and knowingly sold the marijuana absent his compliance with the strict requirements and regulations governing the sale of marijuana in New Jersey. While the MCPO acknowledged

10

factors weighing in favor of defendant's admission to PTI, including defendant's employment status and lack of any prior criminal record, defendant's good behaviors did not outweigh those factors militating denial of defendant's admission to PTI.

Having reviewed the record, the MCPO's rejection of defendant's PTI application did not constitute a patent and gross abuse of discretion and the judge properly denied defendant's application for admission into the program.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0982-20